1  SHOOK HARDY & BACON L.L.P.
   Tammy B. Webb, SBN 227593
2  One Montgomery, Suite 2700
   San Francisco, CA 94104
3  Telephone: (415) 544-1900
   Facsimile: (415) 391-0281
4  tbwebb@shb.com

5  PATTERSON BELKNAP WEBB & TYLER LLP
   Steven A. Zalesin (*pro hac* to be filed)
6  Michelle W. Cohen (*pro hac* to be filed)
   1133 Avenue of the Americas
7  New York, NY 10036-6710
   Telephone: (212) 336-2000
8  Facsimile:  (212) 336-2222

9  *Attorneys for Defendant*

10

11

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14 | JACKIE FITZHENRY-RUSSELL, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED | Case No. 5:17-cv-00603
15 |   | **NOTICE OF REMOVAL**
16 | Plaintiff, |
17 | v. |
18 | THE COCA-COLA COMPANY, |
19 | Defendant. |

20

21   PLEASE TAKE NOTICE that Defendant The Coca-Cola Company ("Coca-Cola" or

22 "Defendant") hereby notices removal of this civil action pursuant to 28 U.S.C. §§ 1332, 1441, 1446,

23 and 1453 from the Superior Court of the State of California, County of Santa Cruz, to the United

24 States District Court for the Northern District of California, San Jose Division. The grounds for

25 removal are set forth below.

26                          **BACKGROUND**

27   1.   Named Plaintiff Jackie Fitzhenry-Russell is a resident of Santa Cruz, California.

28 (Compl. ¶ 5.)

2. Defendant, Coca-Cola, is a Delaware corporation with its principal place of business in Georgia. (Compl. ¶ 6.) Defendant markets the soft drink Seagram's® Ginger Ale ("the Product") across the United States.

3. On December 28, 2016, Plaintiff commenced this action by filing a Class Action Complaint in California Superior Court in the County of Santa Cruz. A true and correct copy of the Complaint is attached hereto as Exhibit A.

4. On January 5, 2017, Defendant was served with the Summons and Complaint. A true and correct copy of the Proof of Service is attached hereto as Exhibit B.

5. Plaintiff's claims in this case relate to the statement "MADE WITH REAL GINGER," which appears on the label and packaging of the Product. Although the Product complies with all applicable federal rules and regulations governing food labeling and ingredients, Plaintiff contends that the phrase "MADE WITH REAL GINGER" would lead a reasonable consumer to believe that the Product contains "real ginger *root*," and that drinking the Product confers "the health benefits associated with consuming real ginger root." (Compl. ¶ 2 (emphasis added).)

6. Plaintiff now seeks to assert claims under the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*, and the Unfair Competition Law, *Id.* § 17200, *et seq.*, on behalf of a putative class of consumers consisting of "[a]ll persons"—without geographic limitation—who purchased the Product between December 23, 2012 and the present ("the Class Period"). (Compl. ¶¶ 63, 71–78, 79–89, 98–110.) Plaintiff also purports to assert a class-wide cause of action for common-law fraud. (Compl. ¶¶ 90–97.)

7. This Notice of Removal is timely because it is filed within thirty days of Defendant's receipt of the Complaint by service, as required by 28 U.S.C. § 1446(b).

8. Removal to the San Jose Division of the Northern District of California is proper because it is the division within which the state action is pending. *See* 28 U.S.C. § 1446(a); Civil L-R 3-2(e).

9. In accordance with 28 U.S.C. § 1446(b), Defendant is filing with the state court, and

-2-

371437 v1

serving on the Plaintiff, a Notice of Removal. Promptly upon filing this Notice of Removal, copies will be filed with the Clerk of Court in the state court action.

## BASIS FOR REMOVAL JURISDICTION

10. This Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), Pub L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in various sections of Title 28 of the United States Code including 28 U.S.C. §§ 1332(d) and 1453.

11. CAFA provides that a class action against a non-governmental entity may be removed to federal court if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed class of plaintiffs is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5), & 1453(b).

12. As set forth below, all of the requirements for removal are satisfied in this case.[1]

**A. There are more than 100 Putative Class Members.**

13. CAFA's first requirement is that the proposed class comprises at least 100 members. *See* 28 U.S.C. § 1332(d)(5).

14. Plaintiff's proposed class includes "[a]ll persons who, between December 23, 2012 and the present, purchased any of Defendants' the Product [*sic*]." (Compl. ¶ 63.)

15. Plaintiff admits that, although she "does not know the exact size," the class she purports to represent consists of "more than 100 persons." (Compl. ¶ 65.)

16. Defendant's sales data relating to the Product confirm that the potential class is greater than 100 consumers. *See* Exhibit C (Declaration of Kevin Hamilton).

17. Accordingly, the putative class satisfies the numerosity requirement for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(5).

**B. Minimal Diversity Exists Between the Parties.**

18. CAFA's second requirement, that any one member of the proposed class be a citizen of a state different from any defendant, is also satisfied. *See id.* § 1332(d)(2).

---

[1] Removal is also proper pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

-3-

1  19. CAFA requires only "minimal" diversity, *i.e.*, at least one plaintiff must be diverse in citizenship from any defendant. *Id.* § 1332(d)(2)(A).

20. Plaintiff alleges that she resides in Santa Cruz, and is thus a citizen of California for jurisdiction purposes. (Compl. ¶ 5.) She also purports to represent a nationwide class of consumers who purchased the Product over the last five years. (Compl. ¶ 63.) As such, the putative class likely includes citizens of all 50 states.

21. At the time this lawsuit was filed and at all times since, Defendant was and is a Delaware corporation with its principal place of business in Atlanta, Georgia. (Compl. ¶ 6.) Therefore, at the time this action was filed and at all times since, Defendant was and is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1).

22. There is thus diversity of citizenship between Plaintiff and Defendant, *see* 28 U.S.C. § 1332(d)(2), which not only satisfies CAFA's minimal diversity requirement but also precludes application of the "local controversy" or "home state" exceptions of 28 U.S.C. §§ 1332(d)(3) and (d)(4).

**C.  The Amount in Controversy Exceeds $5,000,000.**

23. Third, and finally, CAFA requires that the "matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members must be aggregated to determine whether the matter in controversy" meets this threshold. *Id.* § 1332(d)(6).

24. For purposes of removal, a defendant need only make a "short and plain statement" showing that the grounds for federal jurisdiction are met. *Id.* § 1446; *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014). The Supreme Court has explained that this requires merely a "plausible allegation" that the amount in controversy is greater than the jurisdictional threshold, not evidentiary submissions. *Dart*, 135 S. Ct. at 554. Even where, as here, the complaint does not specify the amount of damages sought, a defendant seeking removal of a putative class action is only required to show by a preponderance of evidence that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *accord Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676,

-4-

371437 v1

683 (9th Cir. 2006).

25. Defendant disputes all liability and damages. However, given the definition of the putative class and the volumes of sales of the Product that occurred during the putative Class Period, Plaintiff's claims on behalf of herself and her proposed class for compensatory and punitive damages, and injunctive relief, if granted, would well exceed $5,000,000.

### 1. A Reasonable Estimate of Compensatory Damages Exceeds $5,000,000.

26. Plaintiff has failed to specify the amount of compensatory damages sought. (*See generally* Compl. Prayer for Relief.)

27. However, Plaintiff alleges that, but for the challenged advertising statement, she and the putative class members "would not have purchased" the Product—"or, at a very minimum, she would have paid less for the soft drink." (Compl. ¶ 59.)

28. Plaintiff also seeks "full restitution" of the purchase price for the Product paid by members of the class during the Class Period. (Compl. ¶¶ 87, 108, Prayer for Relief ¶ B.1.)

29. Plaintiff's theory of damages thus implicates Defendant's nationwide sales of the Product in setting the amount in controversy. Using data and records that Defendant maintains in the normal course of business, Defendant has conducted an analysis of sales of the Product to consumers in California over the Class Period, and determined that Defendant's revenues from the Plaintiff's home state alone were in excess of $5,000,000. *See* Exhibit C.[2] When nationwide sales of the Product to members of the class across all states are taken into account, that number increases multi-fold, and far surpasses the minimum amount-in-controversy necessary to support removal under CAFA. *See id.*

30. Accordingly, the amount in controversy exceeds the jurisdictional threshold based on estimated compensatory damages alone. In addition, Plaintiff requests punitive damages for alleged fraud under California law. (Compl. Prayer for Relief ¶ C.2.)

---

[2] In determining whether the amount-in-controversy requirement is met, the court may consider evidence outside the complaint, including affidavits or declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citation omitted)).

## 2. The Value of an Injunction Further Supports CAFA Jurisdiction.

31. The potential value of injunctive relief is further aggregated with compensatory damages to determine if the amount in controversy exceeds the CAFA threshold. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant. *See id.*

32. In this case, Plaintiff seeks an injunction pursuant to the CLRA, the FAL, and the UCL enjoining Defendant from using certain ingredients or making particular advertising statements in conjunction with "*any* ginger beverage." (*See* Compl. ¶¶ 76, 89, 100, Prayer for Relief ¶¶ A.1–4, B.2.)

33. The potential costs to Defendant of complying with such an injunction would be significant. Depending on the specific relief awarded, it is possible that Defendant would have to redesign the Product's packaging—or the packaging of other products not at issue in this case—and/or implement changes to the manufacturing process. These costs, though difficult to quantify, could easily total hundreds of thousands, or even millions of dollars.

34. Accordingly, based on Defendant's potential liability for damages and injunctive relief, the amount in controversy easily exceeds $5,000,000.

**COCA-COLA HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL.**

35. For all of the foregoing reasons, this action is properly removed to this Court.

36. Defendant reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

///

///

///

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the State of California, County of Santa Cruz (Case No. 16CV03346), to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously filed with the Clerk of the Santa Cruz County Superior Court and served upon plaintiff.

Dated:   February 6, 2017          Respectfully submitted,

 */s/ Tammy B. Webb*
Tammy B. Webb
SHOOK HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, CA 94104
Telephone:  415-544-1900
Facsimile:  415-391-0281
tbwebb@shb.com

Steven A. Zalesin (*pro hac vice* pending)
Michelle W. Cohen (pro hac vice pending)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: 212-336-2000
Facsimile: 212-336-2222
sazalesin@pbwt.com
mcohen@pbwt.com

*Attorneys for Defendant*
*The Coca-Cola Company*

371437 v1