E-filed 9/6/2017

1  **GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
2  SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
3  MATTHEW T. MCCRARY (*pro hac vice* pending)
100 Pine Street, Suite 1250
4  San Francisco, CA 94111
Telephone: (415) 271-6469
5  Facsimile: (415) 449-6469

6  *Attorneys for Plaintiff*

7  PATTERSON BELKNAP WEBB & TYLER LLP
Steven A. Zalesin (*pro hac vice*)
8  Michelle W. Cohen (*pro hac vice*)
1133 Avenue of the Americas
9  New York, NY 10036-6710
Telephone: (212) 336-2000
10  Facsimile: (212) 336-2222

11
SHOOK HARDY & BACON LLP
12  Tammy B. Webb
One Montgomery Tower, Suite 2700
13  San Francisco, CA 94104
Telephone: 415-544-1904
14  Facsimile: 415-391-0281
tbwebb@shb.com
15

16  *Attorneys For Defendant*

17              UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
18

19  JACKIE FITZHENRY-RUSSELL, on behalf       Case No. 5:17-CV-00603-EJD
of herself and all others similarly situated;
20                                            **[~~PROPOSED~~] STIPULATED
                                              PROTECTIVE ORDER**
21         *Plaintiffs,*                       MODIFIED BY THE COURT
                                              Judge: ~~Hon. Edward J. Davila~~
22                                                    Magistrate Judge Howard R. Lloyd
         vs.
23

24  The Coca-Cola Company;
25
           *Defendants.*
26

27

28

~~PROPOSED~~ STIPULATED PROTECTIVE ORDER No. 5:17-CV-00603-EJD
9976138v.1

# 1. **PURPOSES AND LIMITATIONS**

A. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B. **GOOD CAUSE STATEMENT**

This action may involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial,

to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.  Further, by entering into this Stipulated Protective Order, neither party concedes the relevance, discoverability, or admissibility of any category of information.

2. **DEFINITIONS**

2.1 <u>Action</u>: This pending federal lawsuit, *Jackie Fitzhenry-Russell, et al. v. The Coca-Cola Company*, United States District Court for the Northern District of California, No. 5:17-CV-00603-EJD.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>CONFIDENTIAL Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as a testifying or non-testifying expert or consultant in this action, (2) is not a past or

current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8 In-House Counsel: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10 Outside Counsel: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 Party: any party to this Action, including all of its officers, directors, employees, Experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or non-Party that produces Disclosure or Discovery Material in this Action (including all of its officers, directors, employees, consultants, retained experts, discovery vendors, and Outside Counsel (and their support staff, employees, and agents).

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to a Party and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15 Receiving Party: a Party that received Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

For a period of six months after final disposition of this litigation, this court will retain jurisdiction to enforce this order.

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must, in good faith and to the extent it is practical to do so, designate for protection only those parts of material,

documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Paragraph 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to thirty (30) days after receipt of the certified transcript of such testimony to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Until the expiration of the thirty (30) days, the entire transcript shall be treated as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless otherwise agreed. After the expiration of that period, only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the

legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of the designation(s) it is challenging and describing the basis for its challenge(s). To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may ~~proceed to the next stage of the challenge process~~ seek judicial intervention only if it has engaged in this meet and confer process first or establishes that the

Designating Party is unwilling to participate in the meet and confer process in a timely

manner or the matter remains unresolved for over fourteen (14) days after a meet and

confer. The Challenging Party may serve notice of a challenge, including a challenge to some or all of a deposition transcript, at any time for good cause.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court

intervention, the ~~Designating Party shall file and serve a motion to retain confidentiality~~ parties shall comply with the undersigned's standing order re: civil discovery disputes.

~~under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)~~

~~within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that~~

~~the meet and confer process will not resolve their dispute, whichever is earlier. Each such~~

~~motion must be accompanied by a competent declaration affirming that the movant has~~

Any Discovery Dispute Joint Report shall affirm compliance with both the terms of paragraph 6.2 in this
~~complied with~~ the meet and confer requirements imposed in the preceding paragraph.
protective order and subsequent compliance with the separate meet-and-confer requirements in the standing order
~~Failure by the Designating Party to make such a motion including the required declaration~~
re: civil discovery disputes.
~~within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality~~

~~designation for each challenged designation. In addition, the Challenging Party may file a~~

~~motion challenging a confidentiality designation at any time if there is good cause for doing~~

~~so, including a challenge to the designation of a deposition transcript or any portions thereof.~~
Any Discovery Dispute Joint Report related
~~Any motion brought pursuant~~ to this provision must be accompanied by a competent

declaration affirming that the movant has complied with ~~the meet and confer requirements~~

~~imposed by the preceding paragraph.~~ both paragraph 6.2 of this protective order and the separate standing order requirements.

The burden of persuasion in any such challenge proceeding shall be on the

Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to

harass or impose unnecessary expenses and burdens on other parties) may expose the

Challenging Party to sanctions. Unless the Designating Party has waived the
seek relief
confidentiality designation by failing to ~~file a motion~~ to retain confidentiality as described

above, all parties shall continue to afford the material in question the level of protection to

which it is entitled under the Producing Party's designation until the court rules on the
Discovery Dispute Joint Report.
~~challenge.~~

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following individuals under the following conditions:

(a)  the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  The Parties and the directors, officers, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; and

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)  such other persons as the parties may agree or may be ordered by the Court.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(1)-(2), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f) such other persons as the parties may agree or may be ordered by the Court.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)(1) The parties recognize that certain trade secrets or other highly confidential information that may be reflected in materials that are subject to disclosure in the course of litigation should be absolutely protected from competitors. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, employee, or consultant of a competitor of a Party, is not anticipated to become one, and has not been an officer, director, employee, or consultant of a competitor within the last five (5) years. Under no circumstances shall any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" be disclosed to an individual who is a current employee, officer, director, or consultant of a competitor of a Party. As used in Section 7.4, "Consultant" shall mean an individual who personally provided a service to a competitor of a Party for which the competitor provided compensation, or personally assisted someone in the provision of such services. "Services" as defined in this section shall mean that the work was performed in connection with a soft drink product, defined to mean a non-alcoholic carbonated beverage containing flavorings, sweeteners and other ingredients. In Section 7.4, "Consultant" shall not include employees of an entity that provided a service to a competitor of a Party, provided such employees did not personally provide services to the competitor or assist those who did.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an individual who otherwise meets the definition of "Expert" set forth in Paragraph 2.6, but who has been an officer, director, employee, or consultant for a competitor within the last five (5) years, or is, at the time of

their retention, anticipated to become one, any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,  and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties'

efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5 <u>Discussion and Consultation with Clients</u>

In the event that a Receiving Party's counsel believes in good faith that it is reasonable to consult with its client, who would not otherwise be permitted access, about information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," where such information either (1) relates to the identity or quantity of ginger and/or ginger flavoring ingredients used in Seagram's Ginger Ale or variants thereof; (2) consists of data reflecting the retail prices at which Seagram's Ginger Ale was sold during the putative class period; or (3) consists of financial data reflecting the revenue for sales of Seagram's Ginger Ale sold during the putative class period, the Receiving Party's counsel shall be permitted to do so provided that (a) the document or information itself or any other portion thereof is not given or disclosed to such client; (b) such client has signed an Acknowledgment and Agreement to Be Bound (Exhibit A).  In addition, a Receiving Party's counsel may disclose to its client all pleadings, briefs, and/or other documents filed with the Court, including drafts of such filings that quote or refer to information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to the extent that such information either (1) relates to the identity or quantity of ginger and/or ginger flavoring ingredients used in Seagram's Ginger Ale or variants thereof; (2) consists of data reflecting the retail prices at which Seagram's Ginger Ale was sold during the putative class period, or (3) consists of financial data reflecting the revenue for sales of Seagram's Ginger Ale sold during the putative class period, provided that the client has signed an Acknowledgment and Agreement to Be Bound (Exhibit A).  Notwithstanding the foregoing, Receiving Party's counsel will under no circumstances disclose information

to its client designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" other than the information specifically identified in this Section 7.5.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must:

(a) promptly notify in writing the Designating Party (by fax and email, if possible). Such notification must include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking production in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A. Unauthorized disclosure of Protected Material may expose the Receiving Party to sanctions.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a) When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

(b) Pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, if a Producing Party discloses material that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Claw-Back Material"), the disclosure of such material will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the material and its subject matter.

(c) A Producing Party must promptly notify the party receiving the material, in writing, that it has disclosed Claw-Back Material without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with

paragraph 11(d) below—promptly: (i) notify the Producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Claw-Back Material and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Claw-Back Material. Within five (5) business days of receipt of the notification from the Receiving Party, the Producing Party must explain as specifically as possible why the Protected Information is privileged.

(d) If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party may keep the Claw-Back Material in its possession only for purposes of submitting the same to the Court within 14 business days with an accompanying motion ("Disclosure Motion") against the proposed Claw-Back Material by the Producing Party, and for no other purpose. Prior to the Court ruling upon such Disclosure Motion, Receiving Party shall take necessary steps to quarantine the subject document(s) from further review, shall not permit it to be disclosed to any individuals other than those involved in preparing the Disclosure Motion, shall take reasonable steps to ensure that all individuals not involved in preparing the Disclosure Motion have destroyed it, and shall submit with its Disclosure Motion a statement that reasonably necessary steps to quarantine the Claw-Back Material has been taken. The Disclosure Motion must be filed under seal. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

(e) The parties may stipulate to extend the time periods set forth in paragraphs 11(c)-(d).

(f) The Producing Party retains the burden—upon challenge pursuant to paragraph 11(d)—of establishing the privileged or protected nature of the Claw-Back Material.

(g) Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

(h) This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the

Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. All discovery and disclosure disputes are subject to the undersigned's standing order re: discovery disputes.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 30, 2017        /s/Marie McCrary        /
                              Adam J. Gutride
                              Seth A. Safier
                              Marie A. McCrary
                              Matthew T. McCrary
                              GUTRIDE SAFIER LLP
                              *Attorneys for Plaintiff Jackie Fitzhenry-*
                              *Russell*

DATED: August 30, 2017        /s/ Steven A. Zalesin        /
                              Steven A. Zalesin
                              Michelle W. Cohen
                              Patterson Belknap Webb & Tyler LLP

                              Tammy B. Webb
                              Shook Hardy & Bacon LLP
                              *Attorneys for The Coca-Cola Company*

AS MODIFIED BY THE COURT, IT IS SO ORDERED.

PURSUANT TO STIPULATION, ~~IT IS SO ORDERED.~~

DATED: ___9/6/2017___

~~Hon. Edward J. Davila~~
Magistrate Judge Howard R. Lloyd

# **EXHIBIT A**

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____[print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern

District of California on _____, in the case of *Jackie Fitzhenry-*

*Russell v. The Coca-Cola Company*, Case No. 5:17-CV- 00603-EJD.  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Northern District of California for the purpose of enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this Action.

I hereby appoint _____ [print or type full name]

of _____[print or type full address and telephone

number] as my California agent for service of process in connection with this Action or

any proceedings related to enforcement of this Stipulated Protective Order.

/

/

/

/

/

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____