PATTERSON BELKNAP WEBB & TYLER LLP
Steven A. Zalesin (*pro hac vice*)
Michelle W. Cohen (*pro hac vice*)
Jane Metcalf (*pro hac vice*)
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Facsimile:   (212) 336-2222

SHOOK HARDY & BACON LLP
Tammy B. Webb
One Montgomery Tower, Suite 2700
San Francisco, CA 94104
Telephone: 415-544-1904
Facsimile: 415-391-0281
tbwebb@shb.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACKIE FITZHENRY-RUSSELL, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>vs.<br><br>THE COCA-COLA COMPANY<br><br>Defendant. | Case No. 5:17-cv-00603-EJD<br><br>**ANSWER OF DEFENDANT THE COCA-COLA COMPANY TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant The Coca-Cola Company ("Coca-Cola"), by and through its undersigned attorneys, respectfully answers Plaintiff's complaint as follows:

1. Paragraph 1 of the Complaint constitutes Plaintiff's description of the action, to which no response is required.

2. Coca-Cola states that any claim on the label for Seagram's® Ginger Ale speaks for itself and respectfully refers the Court to its contents. Coca-Cola denies the allegation that the statement "Made From Real Ginger" has appeared on Seagram's® Ginger Ale. Coca-Cola

lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 2.

3. Coca-Cola avers that the ingredients contained in Seagram's® Ginger Ale are identified in the list of ingredients printed on the product's packaging, and respectfully refers the Court to that list, which speaks for itself. Coca-Cola denies the remaining allegations in Paragraph 3.

4. Coca-Cola admits that the statement "Made With Real Ginger" has appeared on the front label panel for some Seagram's® Ginger Ale bottles and cans. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 4. Coca-Cola denies the remaining allegations in Paragraph 4.

5. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5.

6. Coca-Cola admits the allegations in Paragraph 6.

7. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7.

8. Paragraph 8 contains no factual allegations to which a response is required.

9. Paragraph 9 is a legal contention to which no response is required. To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 9.

10. Paragraph 10 consists of legal contentions to which no response is required. To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 10.

11. Paragraph 11 consists of legal contentions to which no response is required. To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 11.

12. Paragraph 12 consists of legal contentions to which no response is required. To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 12.

13. Paragraph 13 consists of legal contentions to which no response is required. To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 13.

14. Defendant admits that it averred on removal that the amount in controversy exceeds $5,000,000 and that this is a putative class action in which at least one member of the putative plaintiff class is diverse in citizenship from Defendant. Coca-Cola respectfully refers the Court to Cal. Bus. & Prof. Code § 17201 and 28 U.S.C. § 1332(d)(2) for a full and accurate recitation of their provisions. The remainder of Paragraph 14 consists of legal contentions to which no response is required.

15. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 15, except that it denies that Plaintiff suffered injuries, damages, and/or harm. Coca-Cola admits that its products are sold within the State of California. The remainder of Paragraph 15 consists of legal contentions to which no response is required.

16. Paragraph 16 consists of legal contentions to which no response is required.

17. Coca-Cola respectfully refers the Court to Plaintiff's declaration for its contents, and to Cal. Civ. Code § 1780(d) for a full and accurate recitation of its provisions. Coca-Cola otherwise denies the allegations in Paragraph 17.

18. Paragraph 18 consists of legal contentions to which no response is required. To the extent a response is deemed required, Coca-Cola admits that jurisdiction and venue are proper in this Court, but denies that jurisdiction exists as to the claims of absent putative class members.

19. Coca-Cola admits that it markets, advertises, and sells soft drinks in the United States under several brand names, including "Seagram's." Coca-Cola admits that the statement "Made With Real Ginger" has appeared on the principal display panel of some Seagram's® Ginger Ale products. Coca-Cola denies the remaining allegations in Paragraph 19.

20. Coca-Cola admits that the statement "Made With Real Ginger" appeared on labels of Seagram's® Ginger Ale bottles and cans manufactured during the class period. Coca-Cola

lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 20.

21. Coca-Cola denies the allegations in Paragraph 21.

22. Coca-Cola avers that the ingredients contained in Seagram's® Ginger Ale are identified in the list of ingredients printed on the product's packaging, and respectfully refers the Court to that list, which speaks for itself. Coca-Cola denies the remaining allegations in Paragraph 22.

23. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23.

24. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24.

25. Coca-Cola refers the Court to the text of 21 C.F.R. § 501.22(a)(3) for a full and accurate recitation of its provisions. Coca-Cola lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 25.

26. Coca-Cola states that the article cited in Paragraph 26 speaks for itself and respectfully refers the Court to its contents. Coca-Cola denies the allegations in the first sentence of Paragraph 26. The remaining sentences of Paragraph 26 consist entirely of speculation about what unidentified persons "would have" done under unspecified circumstances; Coca-Cola accordingly lacks information or knowledge sufficient to admit or deny them.

27. Paragraph 27 consists of legal contentions to which no response is required. Coca-Cola respectfully refers the Court to the FDCA and its implementing regulations 21 C.F.R. §§ 101–02, and California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), Cal. Health & Safety Code § 110100, for a full and accurate recitation of their provisions. To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 27.

28. Paragraph 28 consists of legal contentions to which no response is required. Coca-Cola respectfully refers the Court to the FDCA, 21 U.S.C. § 343(a), and California's

Sherman Law, Cal. Health & Safety Code § 110660, for a full and accurate recitation of their provisions.

29. Paragraph 29 consists of legal contentions to which no response is required. Coca-Cola respectfully refers the Court to the FDCA for a full and accurate recitation of its provisions.

30. Paragraph 30 consists of legal contentions to which no response is required. Coca-Cola respectfully refers the Court to California's Sherman Law for a full and accurate recitation of its provisions.

31. Paragraph 31 consists of legal contentions to which no response is required. Coca-Cola respectfully refers the Court to California's Sherman Law for a full and accurate recitation of its provisions.

32. Paragraph 32 consists of legal contentions to which no response is required.

33. Paragraph 33 contains legal contentions to which no response is required. Coca-Cola respectfully refers the Court to California's Sherman Law for a full and accurate recitation of its provisions. Coca-Cola denies the remaining allegations in Paragraph 33.

34. Paragraph 34 contains legal contentions to which no response is required. Coca-Cola respectfully refers the Court to California's Sherman Law for a full and accurate recitation of its provisions. Coca-Cola denies the remaining allegations in Paragraph 34.

35. Paragraph 35 contains legal contentions to which no response is required. Coca-Cola respectfully refers the Court to California's Sherman Law for a full and accurate recitation of its provisions. Coca-Cola denies the remaining allegations in Paragraph 35.

36. Paragraph 36 contains legal contentions to which no response is required. Coca-Cola respectfully refers the Court to 21 U.S.C. § 343(a), the FDA's regulations, including 21 C.F.R. §§ 101.3, 101.13, 101.14, 101.22, and 101.65, and California's Sherman Law for a full and accurate recitation of their provisions. Coca-Cola denies the remaining allegations in Paragraph 36.

37. Paragraph 37 consists of legal contentions to which no response is required. To the extent that a response is deemed required, Coca-Cola lacks knowledge or information sufficient to admit or deny what consumers believe, and Coca-Cola denies the remaining allegations in Paragraph 37.

38. Coca-Cola denies the allegations in Paragraph 38.

39. Coca-Cola denies the allegations in Paragraph 39.

40. Coca-Cola denies the allegations in Paragraph 40.

41. Coca-Cola states that the advertisements and websites for Seagram's® Ginger Ale speak for themselves and respectfully refers the Court to their contents. Coca-Cola denies the remaining allegations in Paragraph 41.

42. Coca-Cola states that the marketing materials for Seagram's® Ginger Ale speak for themselves and respectfully refers the Court to their contents. Coca-Cola denies the remaining allegations in Paragraph 42.

43. Coca-Cola denies the allegations in Paragraph 43.

44. Coca-Cola denies the allegations in the first sentence of Paragraph 44. Coca-Cola lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 44.

45. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 45.

46. Coca-Cola lacks knowledge or information sufficient to admit or deny Plaintiff's allegations regarding the labels of ginger ale products other than Seagram's® Ginger Ale. Coca-Cola denies the remaining allegations in Paragraph 46.

47. Coca-Cola lacks knowledge or information sufficient to admit or deny Plaintiff's allegations regarding the ingredients, labels, and advertisements of ginger ale products other than Seagram's® Ginger Ale. Coca-Cola denies the remaining allegations in Paragraph 47.

48. Coca-Cola lacks knowledge or information sufficient to admit or deny Plaintiff's factual allegations regarding the price consumers pay for ginger ale products other than Seagram's® Ginger Ale. Coca-Cola denies the remaining allegations in Paragraph 48.

49. Coca-Cola denies the allegations in Paragraph 49.

50. Coca-Cola denies the allegations in Paragraph 50.

51. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 51.

52. Coca-Cola admits that it purchased the Hansen's and Blue Sky brands. Coca-Cola denies the remaining allegations in Paragraph 52.

53. Coca-Cola admits that it has in the past acquired other beverage companies, including Blue Sky. Coca-Cola denies the remaining allegations in Paragraph 53.

54. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54.

55. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 55.

56. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 56 regarding what Plaintiff saw, read, relied upon, was attracted to, prefers, or believes. Coca-Cola denies the remaining allegations in Paragraph 56.

57. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 57 regarding what Plaintiff knew or valued. Coca-Cola denies the remaining allegations in Paragraph 57.

58. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 58 regarding why Plaintiff made her purchases or what she paid. Coca-Cola denies the remaining allegations in Paragraph 58.

59. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 59 regarding what Plaintiff would have purchased or paid under any given circumstance. Coca-Cola denies the remaining allegations in Paragraph 59.

60. Coca-Cola denies the allegations in Paragraph 60.

61. Coca-Cola denies the allegations in Paragraph 61.

62. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 62 regarding what Plaintiff desires, what stores that she regularly visits, or what she knows. Coca-Cola denies the remaining allegations in Paragraph 62.

63. Paragraph 63 contains legal contentions to which no response is required. To the extent a response is deemed required, Coca-Cola admits that Plaintiff purports to bring this action as a class action, and otherwise denies the allegations in Paragraph 63.

64. Paragraph 64 consists of legal contentions to which no response is required. To the extent that a response is deemed required, Coca-Cola denies the allegations in Paragraph 64.

65. Paragraph 65 consists of legal contentions to which no response is required. To the extent that a response is deemed required, Coca-Cola denies the allegations in Paragraph 65.

66. Paragraph 66 consists of legal contentions to which no response is required. To the extent that a response is deemed required, Coca-Cola denies the allegations in Paragraph 66.

67. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations concerning products purchased by Plaintiff and her reliance. Coca-Cola denies that Plaintiff suffered any actionable injury. The remainder of Paragraph 67 consists of legal contentions to which no response is required. To the extent that a response is deemed required, Coca-Cola denies the allegations in Paragraph 67.

68. Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 68 concerning the competence and experience of Plaintiff's attorneys, the financial resources of Plaintiff and Plaintiff's counsel, and the beliefs and intentions of Plaintiff and Plaintiff's counsel. The remainder of Paragraph 68 consists of legal contentions to

8

ANSWER OF DEFENDANT THE COCA COLA
COMPANY TO PLAINTIFF'S FIRST AMENDED
COMPLAINT
Case No. 5:17-cv-00603-EJD

which no response is required. To the extent that a response is deemed required, Coca-Cola denies the allegations in Paragraph 68.

69. Paragraph 69 consists of legal contentions to which no response is required. To the extent that a response is deemed required, Coca-Cola denies the allegations in Paragraph 69.

70. Coca-Cola lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 70 concerning Plaintiff's beliefs. The remainder of Paragraph 70 consists of legal contentions to which no response is required. To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 70.

71. Coca-Cola incorporates by reference its responses to Paragraphs 1–70 as if fully set forth herein.

72. Coca-Cola denies the allegations in Paragraph 72.

73. Paragraph 73 consists of legal contentions to which no response is required. To the extent a response is deemed required, Coca-Cola denies the allegations in Paragraph 73. Coca-Cola respectfully refers the Court to Cal. Civ. Code § 1761(d) for a full and accurate recitation of its provisions.

74. Paragraph 74 consists of legal contentions to which no response is required. Coca-Cola respectfully refers the Court to Cal. Civ. Code § 1761(a) for a full and accurate recitation of its provisions.

75. Coca-Cola denies the allegations in Paragraph 75.

76. Coca-Cola objects to the relief requested and denies that Plaintiff is entitled to any relief whatsoever. Coca-Cola denies the remaining allegations in Paragraph 76.

77. Coca-Cola objects to the relief requested in Paragraph 77 and denies that Plaintiff is entitled to any relief whatsoever. Coca-Cola further denies the sufficiency of Plaintiff's notice pursuant to Cal. Civ. Code § 1782, and denies the remaining allegations in Paragraph 77.

78. Paragraph 78 contains no factual allegation to which a response is required. Coca-Cola objects to the relief requested and denies that Plaintiff is entitled to any relief whatsoever.

79. Coca-Cola incorporates by reference its responses to Paragraphs 1–78 as if fully set forth herein.

80. Coca-Cola denies the allegations in Paragraph 80.

81. Coca-Cola lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 81 regarding consumers' beliefs. Coca-Cola denies the remaining allegations in Paragraph 81.

82. Coca-Cola denies the allegations in Paragraph 82.

83. Coca-Cola denies the allegations in Paragraph 83.

84. Coca-Cola denies the allegations in Paragraph 84.

85. Coca-Cola denies the allegations in Paragraph 85.

86. Coca-Cola denies the allegations in Paragraph 86.

87. Coca-Cola objects to the relief requested and denies that Plaintiff is entitled to any relief whatsoever. Coca-Cola denies the allegations in Paragraph 87.

88. Coca-Cola objects to the relief requested and denies that Plaintiff is entitled to any relief whatsoever. Coca-Cola denies the allegations in Paragraph 88.

89. Coca-Cola objects to the relief requested and denies that Plaintiff is entitled to any relief whatsoever. Coca-Cola denies the allegations in Paragraph 89.

90. Coca-Cola incorporates by reference its responses to Paragraphs 1–89 as if fully set forth herein.

91. Coca-Cola denies the allegations in Paragraph 91.

92. Coca-Cola denies the allegations in Paragraph 92.

93. Coca-Cola denies the allegations in Paragraph 93.

94. Coca-Cola denies the allegations in Paragraph 94.

95. Coca-Cola denies the allegations in Paragraph 95.

96. Coca-Cola denies the allegations in Paragraph 96.

97. Coca-Cola denies the allegations in Paragraph 97.

98. Coca-Cola incorporates by reference its responses to Paragraphs 1–97 as if fully set forth herein.

99. Coca-Cola denies the allegations in Paragraph 99.

100. Coca-Cola denies the allegations in Paragraph 100.

101. Coca-Cola denies the allegations in Paragraph 101.

102. Coca-Cola denies the allegations in Paragraph 102.

103. Coca-Cola denies the allegations in Paragraph 103.

104. Coca-Cola denies the allegations in Paragraph 104.

105. Coca-Cola denies the allegations in Paragraph 105.

106. Coca-Cola denies the allegations in Paragraph 106.

107. Coca-Cola denies the allegations in Paragraph 107.

108. Coca-Cola objects to the relief requested and denies that Plaintiff is entitled to any relief whatsoever. Coca-Cola denies the allegations in Paragraph 108.

109. Coca-Cola objects to the relief requested and denies that Plaintiff is entitled to any relief whatsoever. Coca-Cola denies the allegations in Paragraph 109.

110. Coca-Cola objects to the relief requested and denies that Plaintiff is entitled to any relief whatsoever. Coca-Cola denies the allegations in Paragraph 110.

111. Coca-Cola denies that Plaintiff and/or any of the putative class members are entitled to relief, including but not limited to the relief sought in sub-parts A through D[1] of the "Prayer for Relief." Coca-Cola specifically denies that any classes can or should be certified.

---

[1] The Prayer for Relief in Plaintiffs' First Amended Complaint appears to inadvertently contain two sub-part "D"s.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert her claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, laches, acquiescence, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims based on alleged misrepresentations are barred, in whole or in part, because the representations alleged by Plaintiff were not material in that Plaintiff's purchasing decisions were not affected.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exercise reasonable care and diligence to mitigate her alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any representation or statement alleged to have been made by Defendant was made in good faith and with a reasonable belief as to its validity and accuracy and with reasonable belief that all of Defendant's conduct was lawful.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the economic loss doctrine.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to certify a class action based on alleged violations of the Consumer Legal Remedies Act, Cal. Civ. Code, § 1750 et seq., Plaintiff has failed to satisfy the requirements set forth in California Civil Code § 1781.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and putative class members allege violations of the Consumer Legal Remedies Act, Coca-Cola has a complete defense under California Civil Code § 1784.

## RESERVATION OF RIGHTS

By setting forth these affirmative defenses, Coca-Cola does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Coca-Cola reserves the right to assert additional legal defenses as they become known. Coca-Cola further specifically reserves all legal defenses that it may have against the purported class and against each member of the purported class. Additionally, Coca-Cola reserves the right to amend this Answer to Plaintiff's Complaint.

WHEREFORE, Coca-Cola respectfully prays that the Complaint be dismissed in its entirety, that the Court finds that this suit cannot be maintained as a class action, that Coca-Cola be awarded its costs and attorneys' fees, and that the Court order such other and further relief as it deems just and proper.

Dated: New York, New York
January 22, 2018

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By:   */s/*  Steven A. Zalesin
Steven A. Zalesin (*pro hac vice*)
Michelle W. Cohen (*pro hac vice*)
Jane Metcalf (*pro hac vice*)
1133 Avenue of the Americas
New York, New York  10036

*Attorneys for Defendant*