PATTERSON BELKNAP WEBB & TYLER LLP
Steven A. Zalesin (*pro hac vice*)
Michelle W. Cohen (*pro hac vice*)
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone:  (212) 336-2000
Facsimile:   (212) 336-2222

SHOOK HARDY & BACON LLP
Tammy B. Webb
One Montgomery Tower, Suite 2700
San Francisco, CA 94104
Telephone:  415-544-1904
Facsimile:  415-391-0281
tbwebb@shb.com

*Attorneys For Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE FITZHENRY-RUSSELL, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED<br><br>                              Plaintiff,<br><br>       vs.<br><br>THE COCA-COLA COMPANY<br><br>                              Defendant. | Case No. 5:17-cv-00603-EJD<br><br>**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant The Coca-Cola Company ("Coca-Cola") hereby responds and/or objects to Plaintiff Jackie Fitzhenry-Russell's First Requests for Production of Documents (the "Requests") as follows:

## COCA-COLA'S DEFINITIONS

1.       "Pack Type" means a variety of disposable containers (e.g., a 2-liter bottle) or outer packaging (e.g., a 12-pack carton) in which a product is packaged for retail sale, excluding any containers or outer packaging in which the product is packaged for wholesale or fountain distribution.

2.       "Product" means the soft drink Seagram's® Ginger Ale.

1

2

## **GENERAL OBJECTIONS**

Coca-Cola incorporates each of the General Objections below into its specific objections to each Request, whether or not each such General Objection is expressly referred to in Coca-Cola's objections to a specific Request.

Coca-Cola's investigation of facts related to this action is ongoing.  Coca-Cola reserves the right to supplement, amend, modify, or correct its responses and objections under Rule 26(e) should it discover additional information or grounds for objections at any time prior to the conclusion of this action.  The following responses and objections are based upon information known at this time.

1.       Coca-Cola objects to the Requests to the extent they purport to impose obligations on Coca-Cola that exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules, and any other relevant rules of practice.  Coca-Cola will respond in accordance with its obligations under the applicable rules, and will produce only such documents as can be recovered via a reasonable search.

2.       Coca-Cola objects to the Requests as harassing to the extent they are duplicative of one another and seek information outside of the scope of the Federal Rules of Civil Procedure, the Local Rules, and any other relevant rules of practice, including Federal Rule of Civil Procedure 26(b)(1).

3.       The only Product at issue in this lawsuit is Seagram's® Ginger Ale.  Coca-Cola objects to all Requests seeking information about other Coca-Cola products as not relevant and not proportional to the needs of this case, and excessively burdensome in comparison to any theoretical benefit.

4.       Coca-Cola objects to the Requests to the extent any individual Request is vague, ambiguous, indefinite, or confusing and therefore not susceptible to a clear and definitive response.

2

5.      Coca-Cola objects to the Requests to the extent they are duplicative of other Requests specifically and of other discovery requests generally.

6.      Coca-Cola objects to the Requests to the extent they seek information that is obtainable from publicly available sources and therefore equally available to both parties.

7.      Coca-Cola objects to the Requests to the extent they seek the production of documents or information not in the possession, custody, or control of Coca-Cola.  Coca-Cola will only produce documents that are within Coca-Cola's possession or custody or under its control.

8.      Coca-Cola objects to the Requests to the extent they seek the production of documents or information subject to third-party confidentiality agreements or subject to confidentiality pursuant to court order.

9.      Coca-Cola objects to the Requests to the extent that they call for the production of documents containing trade secrets, confidential business information or other confidential information.  Subject to any other objections to the production of such documents, Coca-Cola will only produce documents pursuant to the September 6, 2017 Protective Order (Dkt. No. 44).

10.     Coca-Cola objects to the Requests to the extent that they purport to impose any obligation on agents, investigators or other third parties to review and produce documents and things.

11.     Coca-Cola objects to the Requests to the extent that they seek information or documents concerning products, labeling, advertising, marketing, and/or other promotional statements which Plaintiff did not purchase and/or see, and/or upon which Plaintiff did not rely.

12.     Coca-Cola objects to the Requests to the extent they seek information or communications protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  The inadvertent disclosure by Coca-Cola of material or information covered by any privilege or immunity shall not be deemed a waiver of such protection.

13.   Coca-Cola objects to the Requests to the extent that they call for a legal conclusion or purport to require Coca-Cola to form, set forth, or perform a legal analysis.

14.   Coca-Cola objects to the Requests as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent they seek information without any temporal limitation or outside the Class Period.  Unless otherwise noted, Coca-Cola will only produce documents from December 23, 2012 through December 23, 2016.

15.   Coca-Cola objects to the Requests to the extent they are harassing, vague, ambiguous, overbroad or unduly burdensome, lack reasonable particularity, seek irrelevant information or are not reasonably calculated to lead to the discovery of admissible evidence, and are not proportional to the needs of the case.  For example, and without limitation, Coca-Cola objects to the Requests as overbroad and unduly burdensome to the extent they seek the production of "all" or "any" category of information that refers or relates to a particular subject.

16.   Coca-Cola objects to the Requests to the extent they call for an interpretation on the part of Coca-Cola.  In order to provide a response in good faith, Coca-Cola has made interpretations where necessary and has responded accordingly.

17.   Coca-Cola objects to the Requests to the extent they are not proportional to the needs of this case.  *See* Fed. R. Civ. P. 26(b)(1).

18.    Coca-Cola will construe each Request only to require it to use reasonable diligence under the circumstances in locating, collecting, and producing responsive documents.

19.   Coca-Cola's production of any documents or information in response to the Requests shall in no way constitute or be construed as a waiver of any of the objections contained herein, or of any other objection regarding the relevance, materiality, privilege, or admissibility of any such information as evidence in this suit or any other proceeding, action, or trial.

20.     To the extent Coca-Cola agrees to produce documents in response to any request, such productions will consist of reasonably accessible documents produced at a reasonable time and place and in a format agreed to by counsel.

21.     Coca-Cola's responses are based upon information presently known to it.  Coca-Cola reserves the right to rely on any facts, documents, or other evidence which may develop or subsequently come to its attention, to assert additional objections, and to supplement these responses.

22.     All individual responses to the Requests are made on the express reservation of all applicable previous objections, court rulings, agreements and understandings limiting the Requests and are made pursuant to the foregoing general objections and any specific objections set forth below.

## OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS

1.     Coca-Cola objects to the demand for a privilege log to the extent it purports to impose obligations on Coca-Cola that exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules, and any other relevant rules of practice.

2.     Coca-Cola objects to the definition of "DOCUMENT" as overbroad, unduly burdensome, and not proportional to the needs of the case.  Coca-Cola also objects to the demand for a written statement regarding documents or parts of documents that have been lost, discarded, or destroyed.  Documents are routinely lost, discarded, and destroyed in the normal course of business and Coca-Cola objects to the extent this demand is intended to require disclosure of any documents lost, discarded, or destroyed before a litigation hold was instituted in this matter.

3.     Coca-Cola objects to the definition of "IDENTIFY" (with respect to persons) to the extent that it requires Coca-Cola to provide an identified individual's "full name," "present or last-known residence address and business address" and "telephone numbers (business and residence)" as overbroad, disproportionate to the needs of the case, unduly burdensome, and beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules.  Coca-

5

Cola further objects to the definition of "IDENTIFY" (with respect to persons) to the extent it requires disclosures that would violate any applicable domestic or international privacy protection.  Coca-Cola further objects to the definition of "IDENTIFY" to the extent it would require Coca-Cola to generate or produce documents that otherwise do not exist in the ordinary course of business.

4.      Coca-Cola objects to the definition of "INCLUDE," "INCLUDES," and "INCLUDING" as vague, ambiguous, and confusing.  Coca-Cola will in good faith construe the words "INCLUDE," "INCLUDES," and "INCLUDING" in the Requests to mean that any modifiers that succeed these terms are offered as non-exhaustive illustrations.

5.      Coca-Cola objects to the definition of "MARKET," "MARKETED," "MARKETING," and "MARKETING MATERIALS" as overbroad and unduly burdensome, as it includes advertisements and other documents that are not mentioned in the Complaint and that Plaintiff did not see, and/or upon which Plaintiff did not rely.

6.      Coca-Cola objects to the definition of "REPORTS" as vague and overbroad to the extent it includes "informal" investigations, studies, research, assessments, analyses, reviews, or audits, focus groups, analyses, or assessments without clarification or limitation.

7.      Coca-Cola objects to the definition of "SEAGRAM'S GINGER ALES" as vague, overbroad, unduly burdensome, and disproportionate to the needs of the case.  Coca-Cola will only produce information about soft drinks manufactured, sold, marketed, and/or distributed under the brand name Seagram's® Ginger Ale.

8.      Coca-Cola objects to the definition of "YOU" or "YOUR" as overbroad, unduly burdensome, not proportional to the needs of the case, and inconsistent with the Federal Rules of Civil Procedure.  Coca-Cola's responses will be limited to the named Defendant only, and not all subsidiaries and other unnoticed entities.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:** ALL DOCUMENTS identified or otherwise

6

referenced in DEFENDANT's responses to ANY interrogatories served by PLAINTIFF on YOU in THIS ACTION.

**RESPONSE TO REQUEST NO. 1:**  In addition to the foregoing general objections, and the general and specific objections Coca-Cola has made in response to Plaintiff's First Set of Interrogatories, Coca-Cola objects to this Request to the extent the phrase "otherwise referenced" is vague and ambiguous.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola construes this Request as seeking the production of non-privileged documents specifically referred to in Coca-Cola's answers to Plaintiff's Interrogatories as containing information responsive to Plaintiff's Request.  Coca-Cola will produce such documents to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:** ALL DOCUMENTS consulted and/or reviewed by YOU to assist in the preparation of DEFENDANT's responses to ANY interrogatories served by PLAINTIFF on YOU in THIS ACTION.

**RESPONSE TO REQUEST NO. 2:**  In addition to the foregoing general objections, and the general and specific objections Coca-Cola has made in response to Plaintiff's First Set of Interrogatories, Coca-Cola objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged documents specifically referred to in Coca-Cola's answers to Plaintiff's Interrogatories as containing information responsive to Plaintiff's Request, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:** Exemplars of ALL packaging and labels for ALL SEAGRAM'S GINGER ALES sold during the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 3:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of

7

the case, to the extent it seeks packaging and labels neither seen nor relied upon by Plaintiff. Coca-Cola further objects to this Request as the phrases "Exemplars" and "ALL SEAGRAM'S GINGER ALES" are vague and ambiguous.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged samples or depictions of packaging and labels for each Pack Type of the Product that was available at retail during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:** Exemplars of ALL packaging and labels for ALL BEVERAGES sold during the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 4:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as irrelevant, overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks information about products that are not the subject of the Complaint, and to the extent it seeks packaging and labels neither seen nor relied upon by Plaintiff.  Coca-Cola further objects to this Request as duplicative of Request No. 3 specifically and other discovery requests generally. Coca-Cola further objects to this Request as the phrase "Exemplars" is vague and ambiguous. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged samples or depictions of packaging and labels for each Pack Type of the Product that was available at retail during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:** ALL MARKETING MATERIALS for SEAGRAM'S GINGER ALES sold or offered for sale during the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 5:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL MARKETING MATERIALS."  Such Request includes documents that are outside of the scope of this Action as Plaintiff has not alleged in her Complaint that she saw or relied upon any

MARKETING MATERIALS.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Accordingly, Coca-Cola will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:** ALL DOCUMENTS that RELATE, REFER or PERTAIN to YOUR purchase of ANY advertisements on ANY search engine, including Google bid records, for SEAGRAM'S GINGER ALES.

**RESPONSE TO REQUEST NO. 6:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without temporal or other limitation, and to the extent it is not limited to the labeling claim at issue.  Coca-Cola also objects to this Request as irrelevant to any claim or defense in this Action as Plaintiff has not alleged in her Complaint that she saw or relied upon any advertisements or web content.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Accordingly, Coca-Cola will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:** ALL DOCUMENTS RELATING TO product launches for the SEAGRAM'S GINGER ALES.

**RESPONSE TO REQUEST NO. 7:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, and to the extent it is not limited to the labeling claim at issue.  Coca-Cola further objects to this Request as the phrases "RELATING TO" and "product launches" are vague and ambiguous.  Coca-Cola further objects to this

9

Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged documents discussing the timing and circumstances of the addition of the phrase "MADE WITH REAL GINGER" on the labels and packaging of the Product sold during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**  ALL DOCUMENTS, INCLUDING internal COMMUNICATIONS and/or internal memoranda, RELATING TO YOUR decision to MARKET the SEAGRAM'S GINGER ALES with the representation that they are "MADE WITH REAL GINGER" AND/OR variants thereon.

**RESPONSE TO REQUEST NO. 8:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, and to the extent it concerns Coca-Cola's subjective motivations and internal discussions neither seen nor relied upon by Plaintiff. Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged documents discussing the timing and circumstances of the addition of the phrase "MADE WITH REAL GINGER" on the labels and packaging of the Product sold during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:** ALL DOCUMENTS that comprise, reference or RELATE TO ANY REPORTS about consumer demand for GINGER ALES.

**RESPONSE TO REQUEST NO. 9:** In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs

of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, and to the extent it is not limited to the product and labeling claim at issue.  Coca-Cola further objects to this Request as the phrases "consumer demand" and "DOCUMENTS that comprise, reference, or RELATE TO ANY REPORTS" are vague and ambiguous.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Coca-Cola further objects to this Request as duplicative of Requests Nos. 10–13 specifically and other discovery requests generally.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged final market research or consumer research reports discussing consumers' preference during the Class Period for ginger ale beverages marketed as "MADE WITH REAL GINGER" and/or variants thereon, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:** ALL DOCUMENTS that comprise, reference or RELATE TO ANY REPORTS about consumer preference or desire for GINGER ALES MARKETED as "MADE WITH REAL GINGER" AND/OR variants thereon.

**RESPONSE TO REQUEST NO. 10:** In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, and to the extent it is not limited to the product at issue.  Coca-Cola further objects to this Request as the phrases "consumer preference or desire" and "DOCUMENTS that comprise, reference, or RELATE TO ANY REPORTS" are vague and ambiguous.  Coca-Cola further objects to this Request as duplicative of Requests Nos. 9, 11, 12, and 13 specifically and other discovery requests generally.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any

11

other applicable privilege or immunity. Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged final market research or consumer research reports discussing consumers' preference during the Class Period for ginger ale beverages marketed as "MADE WITH REAL GINGER" and/or variants thereon, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:** ALL DOCUMENTS that comprise, reference or RELATE TO ANY REPORTS about consumer perception, understanding, or comprehension of the phrase "MADE WITH REAL GINGER" AND/OR variants thereon.

**RESPONSE TO REQUEST NO. 11:** In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation. Coca-Cola further objects to this Request as the phrases "consumer perception, understanding, or comprehension" and "DOCUMENTS that comprise, reference, or RELATE TO ANY REPORTS" are vague and ambiguous. Coca-Cola further objects to this Request as duplicative of Requests Nos. 9, 10, 12, and 13 specifically and other discovery requests generally.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged final market research or consumer research reports discussing consumers' perception, understanding, or comprehension of the phrase "MADE WITH REAL GINGER" and/or variants thereon in connection with ginger ale

12

beverages during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:** ALL DOCUMENTS that evidence, RELATE OR REFER TO ANY relative, comparative, competitive or strategic analysis or REPORT performed by or on behalf of DEFENDANT RELATING TO the use of the words "MADE WITH REAL GINGER" AND/OR variants thereon in the MARKETING or sale of ANY SEAGRAM'S GINGER ALES, GINGER ALES, AND/OR BEVERAGES.

**RESPONSE TO REQUEST NO. 12:** In addition to the foregoing general objections, Coca-Cola objects to this Request as unintelligible and therefore not susceptible to a clear and definitive response. Coca-Cola further objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" about "ANY SEAGRAM'S GINGER ALES, GINGER ALES, AND/OR BEVERAGES" without any temporal or other limitation, and to the extent it is not limited to the product and labeling claim at issue. Coca-Cola further objects to this Request as duplicative of Requests Nos. 9–11 and 13 specifically and other discovery requests generally. Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged final market research or consumer research reports discussing consumers' preference for ginger ale beverages marketed as "MADE WITH REAL GINGER" and/or variants thereon during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 13** ALL DOCUMENTS that evidence, RELATE OR REFER TO ANY relative, comparative, competitive or strategic analysis or REPORT regarding GINGER ALES performed by or on behalf of DEFENDANT.

13

**RESPONSE TO REQUEST NO. 13:** In addition to the foregoing general objections, Coca-Cola objects to this Request as unintelligible and therefore not susceptible to a clear and definitive response.  Coca-Cola further objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, to the extent it concerns Coca-Cola's subjective motivations and internal discussions neither seen nor relied upon by Plaintiff, and to the extent it is not limited to the product and labeling claim at issue.  Coca-Cola further objects to this Request as duplicative of Requests Nos. 9–12 specifically and other discovery requests generally.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged final market research or consumer research reports discussing consumers' preference for ginger ale beverages marketed as "MADE WITH REAL GINGER" and/or variants thereon during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:** ALL DOCUMENTS that propose, discuss, analyze, create standards for, impose requirements or limitations on, or otherwise RELATE TO the use of the phrase "MADE WITH REAL GINGER" AND/OR variants thereon in DEFENDANT's MARKETING MATERIALS.

**RESPONSE TO REQUEST NO. 14:** In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, and to the extent it concerns Coca-Cola's subjective motivations and internal discussions neither seen nor relied upon by Plaintiff. Coca-Cola further objects to this Request as irrelevant to any claim or defense in this Action, to the extent it seeks information about "MARKETING MATERIALS" neither seen nor relied upon by Plaintiff.  Coca-Cola further objects to this Request as the phrase "propose, discuss,

14

analyze, create standards for, impose requirements or limitations on, or otherwise RELATE TO"
is vague and ambiguous.  Coca-Cola further objects to this Request to the extent it seeks
information that is protected by the attorney-client privilege, work-product immunity, or any
other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it
seeks the production of documents or information not in the possession, custody, or control of
Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will
produce non-privileged documents discussing the timing and circumstances of the addition of the
phrase "MADE WITH REAL GINGER" on the labels and packaging of the Product sold during
the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 15:** ALL DOCUMENTS RELATING TO the following
(or similar) messages appearing on the SEAGRAM'S GINGER ALES that YOU
MANUFACTURED and/or sold during the CLASS PERIOD: "MADE WITH REAL GINGER."

**RESPONSE TO REQUEST NO. 15:**  In addition to the foregoing general objections, Coca-
Cola objects to this Request as unintelligible and therefore not susceptible to a clear and
definitive response.  Coca-Cola further objects to this Request as overbroad, unduly burdensome,
and neither proportional to the needs of the case, nor relevant to any claim or defense in this
Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation,
and to the extent it is not limited to the labeling claim at issue.  Coca-Cola further objects to this
Request to the extent it seeks information that is protected by the attorney-client privilege, work-
product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to
this Request to the extent it seeks the production of documents or information not in the
possession, custody, or control of Coca-Cola.  Notwithstanding and without waiving the
foregoing objections, Coca-Cola will produce documents discussing the timing and
circumstances of the addition of the phrase "MADE WITH REAL GINGER" on the labels and
packaging of the Product sold during the Class Period, to the extent such documents exist and
can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:** DOCUMENTS sufficient to IDENTIFY the ingredients and processes used to MANUFACTURE the SEAGRAM'S GINGER ALES sold during the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 16:** In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent that Coca-Cola's manufacturing processes have no bearing on the allegations in Plaintiff's Complaint, and to the extent this Request is not limited to the labeling claim at issue. Coca-Cola further objects to this Request as duplicative of Requests Nos. 17–20 specifically and other discovery requests generally. Coca-Cola further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks trade secrets not relevant to Plaintiff's claims. Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify the ingredients used in flavoring the Product during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:** ALL DOCUMENTS RELATING TO the selection, design, and development of the formula, ingredients, and/or processes used to MANUFACTURE the SEAGRAM'S GINGER ALES.

**RESPONSE TO REQUEST NO. 17:** In addition to the foregoing general objections, Coca-Cola objects to this Request as unintelligible and therefore not susceptible to a clear and definitive response. Coca-Cola further objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, to the extent it seeks information about ingredients unrelated, and to the extent it concerns Coca-Cola's subjective motivations and internal discussions neither seen nor relied upon by Plaintiff. Coca-Cola further objects to this Request as duplicative of Request No. 16 and 18–20

16

specifically and other discovery requests generally.  Coca-Cola further objects to this Request as

the phrases "selection, design, and development" and "formula, ingredients, and/or processes"

are vague and ambiguous.  Coca-Cola further objects to this request as overbroad, unduly

burdensome, and not proportional to the needs of the case to the extent it seeks trade secrets not

relevant to Plaintiff's claims.  Coca-Cola further objects to this Request to the extent it seeks

information that is protected by the attorney-client privilege, work-product immunity, or any

other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it

seeks the production of documents or information not in the possession, custody, or control of

Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will

produce documents sufficient to identify the ingredients used in flavoring the Product during the

Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:**  DOCUMENTS sufficient to IDENTIFY the
ingredients and method used to MANUFACTURE the "natural flavors" used in the
SEAGRAM'S GINGER ALES sold during the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 18:**  In addition to the foregoing general objections, Coca-

Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the

needs of the case, nor relevant to any claim or defense in this Action, to the extent that Coca-

Cola's manufacturing processes have no bearing on the allegations in Plaintiff's Complaint, and

to the extent this Request seeks information about ingredients unrelated to the labeling claim at

issue.  Coca-Cola further objects to this Request as duplicative of Request No. 16–17 and 19–20

specifically and other discovery requests generally.  Coca-Cola further objects to this request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it

seeks trade secrets not relevant to Plaintiff's claims.  Coca-Cola further objects to this Request to

the extent it seeks the production of documents or information not in the possession, custody, or

control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-

Cola will produce documents sufficient to identify the ingredients used in flavoring the Product

17

during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:** DOCUMENTS sufficient to IDENTIFY the ingredients and the relative proportions AND/OR amounts of those ingredients in the SEAGRAM'S GIGNER [*sic*] ALES sold during the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 19:** In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, as Coca-Cola's manufacturing processes have no bearing on any claim or defense in this Action, as it seeks information about ingredients unrelated to the labeling claim at issue, and as Plaintiff has disclaimed any theory that her claims arise from the amount of "real ginger" used in the Product. Coca-Cola further objects to this Request as duplicative of Request No. 16–18 and 20 specifically and other discovery requests generally. Coca-Cola further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks trade secrets not relevant to Plaintiff's claims. Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify the ingredients used in flavoring the Product during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:** ALL DOCUMENTS RELATING TO the selection, design, and development of the formula AND/OR ingredients in the "natural flavors" used to MANUFACTURE the SEAGRAM'S GINGER ALES.

**RESPONSE TO REQUEST NO. 20**: In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, to the extent it seeks information about ingredients unrelated to the labeling claim at issue, to the extent it concerns Coca-Cola's subjective motivations and internal discussions neither seen nor

18

relied upon by Plaintiff, and as Coca-Cola's manufacturing processes have no bearing on any claim or defense in this Action.  Coca-Cola further objects to this Request as duplicative of Requests Nos. 16–19 specifically, and other discovery requests generally.  Coca-Cola further objects to this request as the phrase "selection, design, and development" is vague and ambiguous.  Coca-Cola further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks trade secrets not relevant to Plaintiff's claims.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify the ingredients used in flavoring the Product during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:** DOCUMENTS sufficient to IDENTIFY ANY agreements between DEFENDANT and ANY PERSON concerning the MARKETING, MANUFACTURE, research, design, construction, testing, sale, distribution, resale, advertisement, and/or supply of the SEAGRAM'S GINGER ALES.

**RESPONSE TO REQUEST NO. 21:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as unintelligible and therefore not susceptible to a clear and definitive response.  Coca-Cola further objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks documents without any temporal or other limitation, and to the extent it is not limited to the labeling claim at issue.  Coca-Cola further objects to this Request as the phrases "MARKETING, MANUFACTURE, research, design, construction, testing, sale, distribution, resale, advertisement, and/or supply" are vague and ambiguous.  Coca-Cola further objects to this Request as duplicative of Requests Nos. 22–25 specifically, and other discovery requests generally.  Coca-Cola further objects to this Request to the extent it seeks information

that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify business partners it engaged in developing the flavoring for the Product or testing the ginger content during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:** DOCUMENTS RELATING TO ANY agreements, partnerships and/or other relationships between DEFENDANT and ANY PERSON concerning the MARKETING, MANUFACTURE, research, design, construction, testing, sale, distribution, resale, advertisement, and/or supply of the SEAGRAM'S GINGER ALES.

**RESPONSE TO REQUEST NO. 22:** In addition to the foregoing general objections, Coca-Cola objects to this Request as unintelligible and therefore not susceptible to a clear and definitive response. Coca-Cola further objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks documents without any temporal or other limitation, and to the extent it is not limited to the labeling claim at issue. Coca-Cola further objects to this Request as the phrases "RELATING TO," "agreements, partnerships and/or other relationships," "ANY PERSON," and "concerning the MARKETING, MANUFACTURE, research, design, construction, testing, sale, distribution, resale, advertisement, and/or supply" are vague and ambiguous. Coca-Cola further objects to this Request as duplicative of Requests Nos. 21 and 23–25 specifically, and other discovery requests generally. Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify business partners

20

it engaged in developing the flavoring for the Product or testing the ginger content during the

Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:** DOCUMENTS sufficient to IDENTIFY ANY agreements between DEFENDANT and ANY PERSON involved in the MARKETING, MANUFACTURE, research, design, construction, testing, sale, distribution, resale, advertisement, and/or supply of the flavoring used in the SEAGRAM'S GINGER ALES.

**RESPONSE TO REQUEST NO. 23:**  In addition to the foregoing general objections, Coca-

Cola objects to this Request as unintelligible and therefore not susceptible to a clear and

definitive response.  Coca-Cola further objects to this Request as overbroad, unduly burdensome,

and neither proportional to the needs of the case, nor relevant to any claim or defense in this

Action, to the extent it seeks documents without any temporal or other limitation, and to the

extent it is not limited to the labeling claim at issue.  Coca-Cola further objects to this Request to

the extent it seeks the production of documents or information not in the possession, custody, or

control of Coca-Cola.  Coca-Cola further objects to this Request as the phrases "agreements"

"ANY PERSON," "MARKETING, MANUFACTURE, research, design, construction, testing,

sale, distribution, resale, advertisement, and/or supply," and "flavoring" are vague and

ambiguous.  Coca-Cola further objects to this Request as duplicative of Requests Nos. 21–22 and

24–25 specifically, and other discovery requests generally.  Coca-Cola further objects to this

Request to the extent it seeks information that is protected by the attorney-client privilege, work-

product immunity, or any other applicable privilege or immunity.  Notwithstanding and without

waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify

business partners it engaged in developing the flavoring for the Product or testing the ginger

content during the Class Period, to the extent such documents exist and can be located after a

reasonable search.

**REQUEST FOR PRODUCTION NO. 24:** ALL DOCUMENTS RELATING TO ANY agreements, partnerships and/or other relationships between DEFENDANT and ANY PERSON involved in the MARKETING, MANUFACTURE, research, design, construction, testing, sale, distribution, resale, advertisement, and/or supply of the flavoring used in the SEAGRAM'S

21

1  GINGER ALES.

2  **RESPONSE TO REQUEST NO. 24:**  In addition to the foregoing general objections, Coca-

3  Cola objects to this Request as unintelligible and therefore not susceptible to a clear and

4  definitive response.  Coca-Cola further objects to this Request as overbroad, unduly burdensome,

5  and neither proportional to the needs of the case, nor relevant to any claim or defense in this

6  Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation,

7  and to the extent it is not limited to the labeling claim at issue.  Coca-Cola further objects to this

8  Request as the phrases "agreements, partnerships and/or other relationships," "ANY PERSON,"

9  "MARKETING, MANUFACTURE, research, design, construction, testing, sale, distribution,

10  resale, advertisement, and/or supply," and "flavoring" are vague and ambiguous.  Coca-Cola

11  further objects to this Request as duplicative of Requests Nos. 21–23 and 25 specifically, and

12  other discovery requests generally.  Coca-Cola further objects to this Request to the extent it

13  seeks information that is protected by the attorney-client privilege, work-product immunity, or

14  any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the

15  extent it seeks the production of documents or information not in the possession, custody, or

16  control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-

17  Cola will produce documents sufficient to identify business partners it engaged in developing the

18  flavoring for the Product or testing the ginger content during the Class Period, to the extent such

19  documents exist and can be located after a reasonable search.

20  **REQUEST FOR PRODUCTION NO. 25:** ALL DOCUMENTS that RELATE to
COMMUNICATIONS with ANY PERSON involved in the MARKETING, MANUFACTURE,
21  research, design, construction, testing, sale, distribution, resale, advertisement, and/or supply of
the SEAGRAM'S GINGER ALES about the use of the phrase "MADE WITH REAL
22  GINGER," including internal COMMUNICATIONS.

23  **RESPONSE TO REQUEST NO. 25:**  In addition to the foregoing general objections, Coca-

24  Cola objects to this Request as unintelligible and therefore not susceptible to a clear and

25  definitive response.  Coca-Cola further objects to this Request as overbroad, unduly burdensome,

26                                         22

27

and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation. Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Coca-Cola further objects to this Request as duplicative of Requests Nos. 21–24 specifically, and other discovery requests generally. Coca-Cola further objects to the phrase "documents that relate to communications" as vague and ambiguous. Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify partners in developing the flavoring for the Product or testing the ginger ingredient, and documents discussing the timing and circumstances of the addition of the phrase "MADE WITH REAL GINGER" on the labels and packaging of the Product sold during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:** ALL DOCUMENTS that reflect, discuss or RELATE TO the selection or development of the methodology by which DEFENDANT tested, analyzed, or evaluated whether the SEAGRAM'S GINGER ALES are "MADE WITH REAL GINGER."

**RESPONSE TO REQUEST NO. 26:** In addition to the foregoing general objections, Coca-Cola objects to this Request as objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, and to the extent it seeks Coca-Cola's subjective motivations and internal discussions not seen or relied on by Plaintiffs. Coca-Cola further objects to this Request as duplicative of Requests Nos. 27–29 specifically and other discovery requests generally. Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Coca-Cola further objects to this

23

Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents discussing its processes for confirming the presence of ginger in the Product during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 27:** DOCUMENTS sufficient to IDENTIFY the laboratories, facilities, or institutions where the SEAGRAM'S GINGER ALES sold during the CLASS PERIOD were researched, developed, and tested.

**RESPONSE TO REQUEST NO. 27:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks documents without any temporal or other limitation, and to the extent it is not limited to the labeling claim at issue.  Coca-Cola further objects to this Request as duplicative of Requests Nos. 26 and 28–29 specifically and other discovery requests generally.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify business partners it engaged in developing the flavoring for the Product or testing the ginger content during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 28:** Other than DOCUMENTS produced in response to Requests Nos. 25–26, DOCUMENTS sufficient to IDENTIFY and/or determine ALL tests DEFENDANT conducted or received that purport to assess or evaluate whether the SEAGRAM'S GINGER ALES are "MADE WITH REAL GINGER."

24

**RESPONSE TO REQUEST NO. 28:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request as duplicative of Requests Nos. 26–27 and 29 specifically and other discovery requests generally.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify all tests Coca-Cola conducted or received during the Class Period relating to whether the Product is "MADE WITH REAL GINGER," to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 29:** Other than DOCUMENTS produced in response to Requests Nos. 25–27, DOCUMENTS sufficient to IDENTIFY and/or determine ALL tests or analyses used to evaluate whether GINGER ALES are "MADE WITH REAL GINGER," regardless of whether DEFENDANT conducted such tests.

**RESPONSE TO REQUEST NO. 29:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it is not limited to the product and labeling claim at issue.  Coca-Cola further objects to this Request as duplicative of Requests Nos. 26–28 specifically and other discovery requests generally.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify all tests Coca-Cola conducted or received during the Class Period relating to whether the

25

Product is "MADE WITH REAL GINGER," to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:** ALL DOCUMENTS that evidence, or RELATE TO ANY legislation, regulations, rules, statutes, ordinances (including proposed and enacted) that purport to set standards for or limitations on the use of the phrase "MADE WITH REAL GINGER."

**RESPONSE TO REQUEST NO. 30:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without temporal or other limitation, and as Plaintiff does not allege that Coca-Cola violated any provision purporting to set standards for limitations on the phrase "MADE WITH REAL GINGER."  Coca-Cola further objects to this Request to the extent it seeks information obtainable from publicly available sources and therefore equally available to both parties.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Accordingly, Coca-Cola will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 31:** ALL customer-service related DOCUMENTS, including scripts, training manuals, or reference materials and drafts thereof (including ALL of DEFENDANT's internal communications and memoranda), that RELATE TO SEAGRAM'S GINGER ALES.

**RESPONSE TO REQUEST NO. 31:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL . . . DOCUMENTS" without temporal or other limitation, and to the extent it is not limited to the labeling claim at issue.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any

26

other applicable privilege or immunity.  Coca-Cola further objects to this Request as the phrases "customer-service" and "reference materials" are vague and ambiguous.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce final versions of non-privileged customer-service documents that provided guidance to representatives during the Class Period relating to the phrase "MADE WITH REAL GINGER" and/or variants thereof in connection with the Product, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:** ALL DOCUMENTS and information (including transcripts of testimony) provided in response to ANY subpoena, inquiry, or investigation, whether informal or formal, purporting to seek information about the use of the phrase "MADE WITH REAL GINGER."

**RESPONSE TO REQUEST NO. 32:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, and to the extent it is not limited to the product at issue.  Coca-Cola further objects to this Request as vague to the extent it seeks information provided in response to purported "informal" subpoenas, inquiries, or investigations without clarification.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Accordingly, Coca-Cola will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 33:** ALL DOCUMENTS RELATED to ANY COMMUNICATIONS to or from CUSTOMERS or purchasers regarding the use of the phrase "MADE WITH REAL GINGER."

**RESPONSE TO REQUEST NO. 33:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL

27

DOCUMENTS" without temporal or other limitation, and to the extent it is not limited to the product at issue.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged communications between Coca-Cola and consumers during the Class Period related to the phrase "MADE WITH REAL GINGER," to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:** ALL DOCUMENTS RELATED to ANY COMMUNICATIONS to or from CUSTOMERS or purchasers regarding whether the SEAGRAM'S GINGER ALES are made with or contain real ginger, or the amount thereof.

**RESPONSE TO REQUEST NO. 34:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without temporal or other limitation.  Coca-Cola further objects to this Request as the phrase "documents related to any communications" is vague and ambiguous.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged communications between Coca-Cola and consumers during the Class Period related to whether the Product is made with or contains ginger, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 35:** ALL sales sheets, sales presentations, and other MARKETING MATERIALS provided to retailers RELATING TO the SEAGRAM'S GINGER

ALE.

**RESPONSE TO REQUEST NO. 35:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "sales sheets," "presentations," and "MARKETING MATERIALS" neither seen nor relied upon by Plaintiff, and to the extent it is not limited to the labeling claim at issue.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.   Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Accordingly, Coca-Cola will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 36:** ALL DOCUMENTS submitted to the Federal Food and Drug Administration AND/OR ANY state or municipal agency, department, bureau, or commission to substantiate ANY claims concerning the SEAGRAM'S GINGER ALE.

**RESPONSE TO REQUEST NO. 36:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without temporal or other limitation, and to the extent it is not limited to the labeling claim at issue.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Accordingly, Coca-Cola will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 37:** ALL DOCUMENTS RELATED TO ANY COMMUNICATIONS, between YOU and ANY government agency (including but not limited to the Federal Drug Administration, Federal Trade Commission, the Environmental Protection Bureau, state and federal attorney generals' offices, and ANY state or municipal agency, department, bureau, or commission) elected official, legislative body, or staff member, advisor or

consultant to such agency, official, or legislative body regarding the use of the phrase "MADE WITH REAL GINGER."

**RESPONSE TO REQUEST NO. 37:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without temporal or other limitation.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged communications with government agencies during the Class Period discussing the substantiation for the statement that the Product is "MADE WITH REAL GINGER" and/or consumers' interpretation of or reaction to that statement, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 38:** ALL DOCUMENTS that RELATE TO ANY claim, contention, suggestion, or accusation that DEFENDANT engaged in false advertising, mislabeling, unfair competition, or unfair trade practices in connection with the SEAGRAM'S GINGER ALES.

**RESPONSE TO REQUEST NO. 38:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as unintelligible and therefore not susceptible to a clear and definitive response.  Coca-Cola further objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without temporal or other limitation, and to the extent it is not limited to the labeling claim at issue.  Coca-Cola further objects to this Request to the extent it seeks information obtainable from publicly available sources and therefore equally available to both parties.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product

30

immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Coca-Cola further objects to this Request as not proportional to the needs of the case as the burden and expense of locating and producing responsive documents far outweighs any possible relevance.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged communications between Coca-Cola and consumers during the Class Period related to whether the Product is made with or contains ginger, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 39:** DOCUMENTS sufficient to determine the quantity of SEAGRAM'S GINGER ALES sold during the CLASS PERIOD in California.

**RESPONSE TO REQUEST NO. 39:**  In addition to the foregoing general objections, Coca-Cola objects to this Request the extent it would require Coca-Cola to generate or produce documents that otherwise do not exist in the ordinary course of business.  Subject to and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to show the quantity of the Product sold in California during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:** DOCUMENTS sufficient to determine the quantity of SEAGRAM'S GINGER ALES sold during the CLASS PERIOD in the United States.

**RESPONSE TO REQUEST NO. 40:**  In addition to the foregoing general objections, Coca-Cola objects to this Request the extent it would require Coca-Cola to generate or produce documents that otherwise do not exist in the ordinary course of business.   Subject to and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to show the quantity of the Product sold in the United States during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 41:** DOCUMENTS sufficient to determine YOUR methods, policies, and procedures for pricing SEAGRAM'S GINGER ALES during the CLASS PERIOD.

31

**RESPONSE TO REQUEST NO. 41:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it concerns Coca-Cola's subjective motivations and internal discussions.  Coca-Cola further objects to this Request the extent it would require Coca-Cola to generate or produce documents that otherwise do not exist in the ordinary course of business.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify its methods, policies, and procedures for pricing the Product in the United States during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 42:** DOCUMENTS sufficient to determine YOUR methods, policies, and procedures for pricing BEVERAGES during the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 42:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it is not limited to the product and labeling claim at issue, and to the extent it concerns Coca-Cola's subjective motivations and internal discussions.  Accordingly, Coca-Cola will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 43:** ALL DOCUMENTS related to the manufacturer's suggested retail pricing or other standard pricing for the SEAGRAM'S GINGER ALES.

**RESPONSE TO REQUEST NO. 43:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation.  Coca-Cola further objects to this Request as duplicative of Requests Nos. 41–42 specifically and other discovery requests generally.  Coca-Cola further objects to this Request the extent it would require Coca-Cola to

generate or produce documents that otherwise do not exist in the ordinary course of business. Coca-Cola further objects to this Request as the phrase "standard pricing" is vague and ambiguous. Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Coca-Cola further objects to the Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify the suggested retail price of all variants of the Product sold in the United States during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 44:** ALL DOCUMENTS related to the manufacturer's suggested retail pricing or other standard pricing for ANY GINGER ALES.

**RESPONSE TO REQUEST NO. 44:** In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, and to the extent it is not limited to the product at issue. Coca-Cola further objects to this Request the extent it would require Coca-Cola to generate or produce documents that otherwise do not exist in the ordinary course of business. Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Coca-Cola further objects to the Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Accordingly, Coca-Cola will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 45:** ALL DOCUMENTS related to the manufacturer's suggested retail pricing or other standard pricing for ANY BEVERAGES.

33

**RESPONSE TO REQUEST NO. 45:** In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, and to the extent it is not limited to the product claim at issue. Coca-Cola further objects to this Request the extent it would require Coca-Cola to generate or produce documents that otherwise do not exist in the ordinary course of business. Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Coca-Cola further objects to the Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Accordingly, Coca-Cola will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 46:** ALL DOCUMENTS concerning ANY internal or external, formal or informal, investigations, studies, research, assessments, analyses, reviews, or audits regarding or RELATING TO SEAGRAM'S GINGER ALES' pricing and sales as compared to other GINGER ALES.

**RESPONSE TO REQUEST NO. 46:** In addition to the foregoing general objections, Coca-Cola objects to this Request as unintelligible and therefore not susceptible to a clear and definitive response. Coca-Cola further objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, and to the extent it is not limited to the labeling claim at issue. Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce final non-privileged studies and/or analyses of

Seagram's® Ginger Ale pricing as related to competitive ginger ale pricing during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:** ALL DOCUMENTS concerning ANY internal or external, formal or informal, investigations, studies, research, assessments, analyses, reviews, or audits regarding or RELATING TO SEAGRAM'S GINGER ALES' pricing and sales as compared to other BEVERAGES.

**RESPONSE TO REQUEST NO. 47:** In addition to the foregoing general objections, Coca-Cola objects to this Request as unintelligible and therefore not susceptible to a clear and definitive response. Coca-Cola further objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, and to the extent it is not limited to the product and labeling claim at issue. Coca-Cola also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Accordingly, Coca-Cola will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 48:** ALL DOCUMENTS concerning ANY internal or external, formal or informal, investigations, studies, research, assessments, analyses, reviews, or audits regarding or RELATING TO ANY product or brand that competes with the SEAGRAM'S GINGER ALES.

**RESPONSE TO REQUEST NO. 48:** In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL DOCUMENTS" without any temporal or other limitation, to the extent it is not limited to the product and labeling claim at issue, and to the extent it seeks Coca-Cola's subjective opinions neither seen nor relied upon by Plaintiff. Coca-Cola further objects to this Request as the phrases "ANY internal or external, formal or informal, investigations, studies, research,

35

assessments, analyses, reviews, or audits," and "competes with," are vague and ambiguous. Coca-Cola also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce non-privileged documents discussing whether any other products or brands that compete with Seagram's Ginger Ale claimed to be made with real ginger during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 49:** DOCUMENTS sufficient to determine the gross volume, gross dollar amount or net dollar amount of SEAGRAM'S GINGER ALES sold during the CLASS PERIOD by month.

**RESPONSE TO REQUEST NO. 49:** In addition to the foregoing general objections, Coca-Cola objects to this Request as vague and ambiguous to the extent it does not define "gross volume" or "gross dollar amount." Coca-Cola further objects to this Request the extent it would require Coca-Cola to generate or produce documents that otherwise do not exist in the ordinary course of business.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to show the sales of the Product sold in the United States during the Class Period at weekly intervals, or at the shortest interval of time at which sales data is maintained in the ordinary course of business, the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 50:** DOCUMENTS sufficient to IDENTIFY ALL CUSTOMERS who PURCHASED ANY SEAGRAM'S GINGER ALES during the CLASS PERIOD.

36

**RESPONSE TO REQUEST NO. 50:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action.  Coca-Cola further objects to this Request as the phrase "customers" is vague.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify distributors and retailers who purchased the Product directly from Coca-Cola during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 51:** DOCUMENTS sufficient to set forth the names of ALL distributors and retailers for ANY SEAGRAM'S GINGER ALES during the CLASS PERIOD.

**RESPONSE TO REQUEST NO. 51:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad and unduly burdensome to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola, and that Coca-Cola does not maintain in its regular course of business.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify distributors and retailers who purchased the Product directly from Coca-Cola during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 52:** ALL DOCUMENTS that RELATE TO PLAINTIFFS.

**RESPONSE TO REQUEST NO. 52:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad to the extent it seeks "ALL DOCUMENTS," and as the phrase "RELATE TO" is vague and ambiguous.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product

37

immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this

Request to the extent it seeks the production of documents or information not in the possession,

custody, or control of Coca-Cola.  Notwithstanding and without waiving the foregoing

objections, Coca-Cola will produce non-privileged documents in its possession that relate to

Plaintiff's purchases of the Product during the Class Period, to the extent such documents exist

and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 53:** DOCUMENTS sufficient to establish
DEFENDANT's policies, procedures, or practices for the preservation of DOCUMENTS.

**RESPONSE TO REQUEST NO. 53:**  In addition to the foregoing general objections, Coca-

Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the

needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks

documents without temporal or other limitation.  Coca-Cola further objects to this Request as

duplicative of Request No. 54 specifically and other discovery requests generally.  Coca-Cola

further objects to this Request to the extent it seeks information that is protected by the attorney-

client privilege, work-product immunity, or any other applicable privilege or immunity.

Accordingly, Coca-Cola will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 54:** ALL DOCUMENTS that RELATE TO ANY
instructions or directives to hold, preserve, or destroy DOCUMENTS that refer or RELATE TO
the SEAGRAM'S GINGER ALES and testing thereof.

**RESPONSE TO REQUEST NO. 54:**  In addition to the foregoing general objections, Coca-

Cola objects to this Request as overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks "ALL DOCUMENTS" without temporal or other limitation, and

to the extent it is not limited to the labeling claim at issue.  Documents are routinely lost,

discarded, and destroyed in the normal course of business and Coca-Cola objects to the extent

this Request is intended to require disclosure of anything before a litigation hold was instituted in

this matter.  Coca-Cola further objects to this Request as duplicative of Request No. 53

specifically and other discovery requests generally.  Coca-Cola further objects to this Request to

38

the extent it seeks information that is protected by the attorney-client privilege, work-product

immunity, or any other applicable privilege or immunity.  Accordingly, Coca-Cola will not

produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 55:** ALL DOCUMENTS concerning or RELATED TO
insurance policies or indemnification agreements that may provide coverage for ANY
DEFENDANT for ANY claims or causes of action asserted in this litigation or that may provide
reimbursement for costs, fees or payments incurred or made in defense of this litigation.

**RESPONSE TO REQUEST NO. 55:**  In addition to the foregoing general objections, Coca-

Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the

needs of the case, nor relevant to any claim or defense in this Action, to the extent it seeks "ALL

DOCUMENTS" without temporal or other limitation.  Coca-Cola further objects to this Request

to the extent it seeks information that is protected by the attorney-client privilege, work-product

immunity, or any other applicable privilege or immunity.  Subject to the foregoing objections,

Coca-Cola is not aware of any insurance agreement under which an insurance business may be

liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for

payments made to satisfy such a judgment.  Accordingly, Coca-Cola will not produce documents

in response to this Request.

**REQUEST FOR PRODUCTION NO. 56:** For EACH of the SEAGRAM'S GINGER ALES,
GINGER ALES, AND BEVERAGES sold during the CLASS PERIOD, DOCUMENTS
(including data from market research companies such as Nielsen or IRI that P&G possesses
and/or has a right to obtain or view) sufficient to identify the following:

> (a) Universal Product Code (UPC);
> (b) Manufacturer;
> (c) Brand name;
> (d) Product descriptions;
> (e) Size of the product;
> (f) any other product attribute information available at any time during the class
>     period.

**RESPONSE TO REQUEST NO. 56:**  In addition to the foregoing general objections, Coca-

Cola objects to this Request as unintelligible and therefore not susceptible to a clear and

definitive response.  Coca-Cola further objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it is not limited to the product at issue.  Coca-Cola further objects to this Request as duplicative of other discovery requests, including Plaintiff's First Set of Interrogatories.  Coca-Cola further objects to this Request to the extent it would require Coca-Cola to generate or produce documents that otherwise do not exist in the ordinary course of business.  Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.  Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify the UPC numbers for each Pack Type of the Product sold in the United States during the Class Period, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 57:** For EACH of the SEAGRAM'S GINGER ALES, GINGER ALES, AND BEVERAGES, DOCUMENTS (including data from market research companies such as Nielsen or IRI that YOU possess AND/OR have a right to obtain or view) sufficient to show sales in California for EACH SKU sold during the CLASS PERIOD, including:

        (a)  sales by week;
        (b)  sales in units and in dollars; and
        (c)  sales at retail and at wholesale.

**RESPONSE TO REQUEST NO. 57:**  In addition to the foregoing general objections, Coca-Cola objects to this Request as overbroad, unduly burdensome, and neither proportional to the needs of the case, nor relevant to any claim or defense in this Action, to the extent it is not limited to the product at issue.  Coca-Cola further objects to this Request as duplicative of other discovery requests.  Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola.

DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
OF DOCUMENTS
Case No. 5:17-cv-00603-EJD

Coca-Cola further objects to this Request to the extent it would require Coca-Cola to generate or produce documents that otherwise do not exist in the ordinary course of business. Coca-Cola further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to show sales of the Product in the United States during the Class Period at weekly intervals, or at the shortest interval of time at which sales data is maintained in the ordinary course of business, the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 58:** DOCUMENTS sufficient to determine the dates during which the packages and/or labels produced in response to Request Nos. 3–4 were shipped or distributed to retailers or otherwise marketed and sold to consumers.

**RESPONSE TO REQUEST NO. 58:** In addition to the foregoing general objections, Coca-Cola objects to this Request to the extent it would require Coca-Cola to generate or produce documents that otherwise do not exist in the ordinary course of business. Coca-Cola further objects to this Request to the extent it seeks the production of documents or information not in the possession, custody, or control of Coca-Cola. Notwithstanding and without waiving the foregoing objections, Coca-Cola will produce documents sufficient to identify the dates on which Product packages and/or labels were in circulation to public consumers during the Class Period, to the extent such documents exist and can be located after a reasonable search.

41

Dated:        December 6, 2017

Respectfully submitted,

 /s/ Steven A. Zalesin
Steven A. Zalesin (*pro hac vice*)
Michelle W. Cohen (*pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: 212-336-2000
Facsimile: 212-336-2222
sazalesin@pbwt.com
mcohen@pbwt.com

Tammy B. Webb
SHOOK HARDY & BACON LLP
One Montgomery Tower, Suite 2700
San Francisco, CA 94104
Telephone:  415-544-1904
Facsimile:  415-391-0281
tbwebb@shb.com

*Attorneys for Defendant The Coca-Cola Company*

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on December 6, 2017, I caused a copy of the foregoing document to

3

be served by email on the following counsel for Plaintiff:

4

5

_____/s/ Lauren Capaccio_____

6

Lauren Capaccio

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

43

26

27

28