**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACKIE FITZHENRY-RUSSELL, on behalf of herself, the general public and those similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>The COCA-COLA COMPANY,<br><br>　　　　　Defendant. | Case No. 5:17-cv-00603-EJD<br><br>~~[PLAINTIFFS' UNOPPOSED PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>DATE:　　June 13<br>TIME:　　9:00 a.m.<br>CTRM:　　4, 5th Floor<br>JUDGE:　　Hon. Edward J. Davila |

**RECITALS**

Plaintiff Jackie Fitzhenry-Russell, and Plaintiffs-In-Intervention David Swartz, Ashley Salcedo, Scott Miller, Isabelo Pascual, Florin Carlin, and Kristina Hoffman (collectively "Plaintiffs" or "Class Representatives") have moved the Court for preliminary approval of a proposed class action settlement with Defendant The Coca-Cola Company ("Defendant"), the terms and conditions of which are set forth in the Settlement Agreement filed with the Court on May 9, 2019 ("Settlement Agreement").

This case concerns the marketing and labeling of Seagram's Ginger Ale Products ("Products") from April 1, 2013 to the date of this order ("Class Period").

Plaintiffs contend that the Products are mislabeled as "Made with Real Ginger," and that this claim misleads consumers about the form of ginger in the Products and about the Products' health properties. Plaintiffs contend that, by marketing the Products as "Made with Real Ginger," Defendant caused people to purchase the Products who would not otherwise have done so. They also contend that the Products were sold at a higher price than they would have been sold without the "Made with Real Ginger" claim. Plaintiff Fitzhenry-Russell alleged claims for violations of the California Consumer Legal Remedies Act ("CLRA"); false advertising under California Business and Professions Code sections 17500, *et seq.*; unfair business practices under California Business and Professions Code sections 17200, *et seq.*; and common law misrepresentation. She sought to pursue these claims on behalf of herself and a nationwide class of purchasers of the Products. The Plaintiffs-in-Intervention have sought leave to file a Second Amended Complaint alleging similar claims under the laws of various states, on behalf of purchasers nationwide. All Plaintiffs seek money damages and an injunction prohibiting Defendant from marketing the Products as "Made with Real Ginger."

Defendant denies Plaintiffs' allegations. It contends that the "Made with Real Ginger" claim on the Product labeling is, and has always been, truthful and not misleading. Defendant also disputes that the "Made with Real Ginger" claim induced consumers to purchase the Products or had any effect on the Products' price. Defendant therefore denies any liability, and denies that Plaintiffs or any class members have suffered injury as a result of the Products' labeling

Defendant further denies that this case meets the requirements for class certification under Fed. R. Civ. P. 23, except for purposes of settlement.

The history of this litigation is summarized in Part I of the Settlement Agreement. In brief, this case was filed on December 23, 2016 in California Superior Court, and removed to this Court in February 2017. Shortly thereafter, Defendant filed a motion to dismiss, which the Court denied in October 2017. Between October 2017 and fall 2018, the parties engaged in significant discovery. Plaintiffs' counsel reviewed thousands of pages of the Defendants' documents and deposed three of Defendant's corporate representatives. Defendant deposed Plaintiff Fitzhenry-Russell. The parties also exchanged expert reports, and deposed one another's experts, regarding issues relevant to class certification and to Plaintiffs' claim for money damages. Plaintiffs' experts, relying on conjoint analysis, opined that the Products commanded a 6 percent "price premium" throughout the Class Period as a result of the "Made With Real Ginger" claim. Defendants' experts countered with survey-based evidence that the claim did not affect consumers' purchasing decisions or the prices they were willing to pay, and opined that pricing and sales data from the Products and comparable soft drinks during the Class Period refuted Plaintiffs' claim of a price premium.

In late 2018, while expert discovery was ongoing, this Court approved the parties' joint application to stay the case pending the trial of *Jackie Fitzhenry-Russell v. Keurig Dr. Pepper, Inc.*, Case No. 5:2017-cv-00564-NC (N.D. Cal.) (the "California Canada Dry case"), in which Plaintiff Jackie Fitzhenry-Russell, represented by Plaintiffs' Counsel, asserted substantially similar claims against Keurig Dr Pepper, the manufacturer of Canada Dry Ginger Ale, regarding the claim "Made from Real Ginger" on that product. That case had been certified as a class action, and trial was scheduled to begin on January 7, 2019. The California Canada Dry case was one of several putative class actions, in various states, in which consumers asserted these claims against Keurig Dr Pepper.

Prior to the California Canada Dry trial, however, Keurig Dr Pepper agreed to settle all of these putative class actions through two agreements: one with a putative class of California Canada Dry Ginger Ale consumers in the California Canada Dry Case, and one with a putative

class of Canada Dry Ginger Ale consumers in the other 49 states. *See George v. Keurig Dr. Pepper, In.c*, No. 1822-CC11811 (Mo. Cir. Ct.) (the "49-State Canada Dry case"). Under these settlement agreements, Keurig Dr Pepper agreed to entry of a permanent injunction barring use of the unmodified phrase "Made from Real Ginger" on its Canada Dry labeling or marketing, but permitting use of certain variations on that phrase.

Keurig Dr Pepper also agreed to allow consumers in both classes to submit monetary claims for purchases of Canada Dry Ginger Ale for payment of $0.40 per unit purchased, for a total of up to $5.20 per consumer with no proof of purchase and $40.00 per consumer with proof of purchase. In the 49-State Canada Dry case, Keurig Dr Pepper agreed to pay valid claims on these terms up to a cap of $11.2 million. There was no settlement-value cap in the California Canada Dry case, but Keurig Dr Pepper could have terminated the settlement had more than one million valid claims been filed. However, neither of these caps was triggered, and both settlements received final approval in April 2019.

On February 19, 2019, the parties to this case participated in an all-day mediation conducted by the Honorable Wayne Andersen (Ret.) at JAMS in Chicago, Illinois. That mediation resulted in the settlement that is the subject of this Order.

The terms of the settlement are summarized in the proposed Long Form Notice to Settlement Class Members, which is attached as Exhibit B1 to the Settlement Agreement. Defendant has agreed to a permanent nationwide injunction substantially similar to the one Keurig Dr Pepper agreed to in the Canada Dry settlements, prohibiting Defendant's use of the phrase "Made with Real Ginger" on the Products' labels while permitting the use of such alternatives as, *inter alia*, "Made with Real Ginger Flavor" and "Real Ginger Taste."

Defendant has also agreed to make cash payments to Settlement Class Members on similar terms to those of the Canada Dry settlements. Defendant has agreed to create a Settlement Fund of $2,450,000 from which consumers who submit Valid Claims can receive a payment of up to $0.80 per Unit purchased (the "Benefit"), with a minimum payment of 5 Units (up to $4.00), subject to the following limitations:

- The Benefit may be reduced on a pro-rata basis if, after accounting for all other

expenses deducted from the Settlement Fund (*e.g.*, attorneys' fees and administration costs), there are insufficient funds in the Settlement Fund to pay a Benefit of $0.80 per Unit on each Valid Claim.

- Settlement Class Members who do not provide proof of purchase may claim the Benefit for a maximum of 13 Units *per Household*, for a maximum payment of $10.40.
- Settlement Class Members who provide proof of purchase may claim the Benefit for a maximum of 100 Units *per Household*, for a maximum payment of $80.00, provided they furnish proof of purchase for at least 87 of those Units.
- Settlement Class Members who submit a Valid Claim to have purchased 1-5 Units will receive the Benefit for 5 Units.
- A "Unit" is any product unit purchased individually at retail.

The amount offered per claimed purchase exceeds, on a per-Unit basis, the payments that Plaintiffs would be awarded if successful at trial: a Settlement Class Member who purchased 10 Product Units for $1.50 each may receive up to $8.00 under the proposed settlement, but would receive only $0.90 if Plaintiffs proved their theory of a 6 percent "price premium" at trial. And, although the $2.45 million common fund is less than the total $58 million damages Plaintiffs could recover if fully successful at trial, it is reasonable in light of the risks of proceeding to trial. Moreover, even if Plaintiffs won at trial, class members would still need to make claims in order to receive compensation as Defendant has no records of individual purchases, and the recovery would likely be lower.

If there are too few Valid Claims to exhaust the Settlement Fund at a per-Unit Benefit value of $0.80, the remainder of the Settlement Fund will be divided between the National Consumers' League and the Better Business Bureaus Institute for Marketplace Trust. Both are 501(c)(3) nonprofit organizations devoted to empowering and educating consumers to make informed choices.

As part of the settlement, Plaintiffs' attorneys may apply to this Court to award them up to $735,000.00 from the Settlement Fund to pay their attorneys' fees, plus their actual expenses

(currently estimated at $80,000.00), as well as up to $11,000 from the Settlement Fund in payments to the Class Representatives. Such amounts must be approved by the Court, and the Court will defer any ruling on the appropriateness of such awards until the final approval hearing.

Notice is to be provided as described in the Settlement Agreement consistent with a notice plan designed by RG/2 Claims Administration ("RG/2"), a well-known and experienced class action administrator. RG/2 also will receive and process Claim Forms. In brief, notice will be provided on a Settlement Website, located at www.gingeralesettlement.com. In addition, a black and white version of the Print Publication Notice will be published in People Magazine. Additional online notice shall be provided on websites accessible to desktop and mobile users, including social media sites such as Facebook and Instagram, so that overall notice of the Settlement (including the Online Notice and Print Publication Notice) is reasonably calculated to apprise the Settlement Class Members of the settlement. An appropriate online platform has been chosen based on reliable demographic information about those media and about likely Settlement Class Members. There will be a toll-free number for people to obtain more information and request a printed version of the claim form and notice. No later than September 19, 2019, the Claim Administrator shall submit a declaration to the Court attesting to the number of impressions delivered and the number of click-throughs to the Settlement Website.

All of the notices will link or point to the Settlement Website, which contains a detailed class notice, including the procedures for class members to exclude themselves from the settlement or object, as well as a copy of the Settlement Agreement and motion papers filed in connection with the settlement.

**FINDINGS AND CONCLUSIONS**

Having considered all matters submitted to it at the hearing on the motion and otherwise, including the complete record of this action, and good cause appearing therefore, the Court hereby finds and concludes as follows:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2. The Court preliminarily approves the Settlement Agreement as likely to be

approved under Rule 23(e)(2) and as meriting notice to the Class for its consideration. Considering the factors set forth in Rule 23(e)(2), the Court preliminarily finds as follows:

    a. Class Representatives and Class Counsel have adequately represented the Class.

    b. The Settlement was negotiated at arm's length with the assistance of a well-respected and experienced private mediator.

    c. The relief provided to the class in the form of injunctive and monetary relief is adequate given the risks and uncertainty of trial; the monetary recovery offered by the Settlement is higher on a per Unit basis than Plaintiffs' evidence would have allowed for at trial.

    d. The proposed award of attorneys' fees is reasonable given the two years of litigation.

    e. The proposal treats all class members equally relative to each other.

3. The Settlement also complies with the Northern District of California's Procedural Guidance for Class Action Settlements, https://www.cand.uscourts.gov/ClassActionSettlementGuidance.

4. For purposes of the settlement only, the Court provisionally grants the pending Motion to Intervene (Dkt. No. 75) and Motion for Leave to File a Second Amended Complaint (Dkt. No. 76), and stays Defendant's deadline to respond to the Second Amended Complaint pending a final ruling on the settlement.

5. For purposes of the settlement only, the Court provisionally certifies the Settlement Class, which consists of all persons who between April 1, 2013 and the date of Preliminary Approval, purchased, in the United States, any Seagram's Ginger Ale Products. "Excluded Persons" from the Settlement Classes are: (1) the Honorable Edward J. Davila, the Honorable Virginia K DeMarchi; the Honorable Howard R. Lloyd; the Honorable Wayne Andersen (Ret.); (2) any member of their immediate families; (3) any government entity, (4) Defendant; (5) any entity in which Defendant has a controlling interest; (6) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs,

1  successors, or assigns; (7) counsel for the Parties; and (8) any persons who timely opt-out of the
2  Settlement Class.

3        6.    The Court preliminarily finds, solely for purposes of considering this settlement,
4  that the requirements of Rule 23 of the Federal Rules of Civil Procedure are conditionally
5  satisfied, including requirements that the Settlement Class Members are too numerous to be
6  joined in a single action; that common issues of law and fact exist and predominate; that the
7  claims of the Class Representatives are typical of the claims of the Settlement Class Members;
8  that the Class Representatives and Class Counsel can adequately protect the interests of the
9  Settlement Class Members; and that a settlement class is superior to alternative means of
10 resolving the claims and disputes at issue in this Litigation.

11       7.    A Final Approval Hearing shall be held before this Court at 9:00 a.m. on
12 October 3, 2019, in Courtroom 4, Fifth Floor, of the United States District Court for the Northern
13 District of California, 280 South First Street, San Jose, CA 95113, to address: (a) whether the
14 proposed settlement should be finally approved as fair, reasonable, and adequate, and whether the
15 Final Approval Order should be entered, and (b) whether Class Counsel's application for
16 attorneys' fees, costs, and a payment to the Class Representative should be approved.

17       8.    The Court approves, as to form and content, the Claim Form and the Notices,
18 substantially similar to the forms attached as Exhibits A and B1 to B3 to the Settlement
19 Agreement. The Claim Form and all of the notices are written in plain English, are easy to
20 comprehend, and fully comply with the requirements of the Due Process Clause of the United
21 States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law. The
22 Parties shall have discretion to jointly make non-material minor revisions to the Claim Form or
23 Notices. Responsibility regarding settlement administration, including, but not limited to, notice
24 and related procedures, shall be performed by the Claim Administrator, subject to the oversight of
25 the Parties and this Court as described in the Settlement Agreement.

26       9.    The Court conditionally designates the law firm of Gutride Safier LLP as
27 Settlement Class Counsel and Jackie Fitzhenry-Russell, David Swartz, Ashley Salcedo, Scott
28 Miller, Isabelo Pascual, Florin Carlin, and Kristina Hoffman as Class Representatives for

purposes of this settlement. The Court preliminarily finds that the Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members. The Court designates, and approves, RG/2 to serve as Claim Administrator.

10. Defendant shall pay $365,000.00 into the Settlement Fund within seven (7) days of the date of this Order. RG/2 is authorized to remove the costs of notice and administration from the Settlement Fund.

11. The Court finds that the Parties' plan for providing notice to the Class (the Notice Plan) is reasonably calculated to provide notice to the Class of the pendency of the terms of the Settlement Agreement, the Final Approval hearing, and applicable deadlines, and complies fully with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law. The Parties and the Claim Administrator shall comply with the Notice Plan and other deadlines as set forth in the Settlement Agreement and this Order.

12. Any member of the Class who desires to be excluded from the Settlement, and therefore not be bound by the terms of the Settlement Agreement, must submit a timely request for exclusion to the Claim Administrator, pursuant to the instructions set forth in the Long Form Notice. The request must be received by the Claim Administrator (not just postmarked) no later than September 5, 2019, or if mailed, must be delivered to and received by, the Claim Administrator no later than September 5, 2019. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Class as a group, class, or in the aggregate.

13. No later than September 19, 2019, the Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and Plaintiff's Counsel shall file that list with the Court. The Court retains jurisdiction to resolve any disputed exclusion requests.

14. Any member of the Class who elects to be excluded shall not receive any benefits of the settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the settlement or intervene in the Litigation. Members of the Class who do not wish to be bound by a judgment in favor of or against the Class must exclude themselves from the Litigation. Any Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Settlement Agreement ("Objection"). The Objection must satisfy the requirements set forth in the Long Form Notice and must be filed as a written objection with the Clerk of the Court, postmarked by mail, express mail, or personal delivery, such that the Objection is postmarked, and received by, the Clerk on or before the Objection Deadline or it will be rejected.

15. Any Class Member shall have the right to appear and be heard at the Final Approval hearing, either personally or through an attorney retained at the Class Member's own expense. However, if the Class Member wishes to object to the Settlement at the Final Approval hearing (either personally or through counsel), the Class Member must submit a timely written objection in compliance with the requirements referenced in the prior paragraph of this Order.

16. Plaintiff shall file any reply in support of Final Approval and for any award of attorneys' fees, costs and a class representative payment (including responses to objections) no later than September 19, 2019. All such filings and supporting documentation shall be posted to the Settlement Website within one day of filing.

17. Any Class Member wishing to make a claim must submit a Claim Form to the Claim Administrator, pursuant to the instructions set forth in the Settlement Notice. The request must be submitted online by no later than September 5, 2019, or, if mailed, it must be delivered to, and received by, the Claim Administrator by no later than September 5, 2019.

18. No later than September 19, 2019, the Claim Administrator shall provide a declaration to the Court regarding the provision of notice and as required by the Settlement Agreement and as to the number and dollar amount of claims received.

19. In the event that the proposed settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its

terms, this Preliminary Approval Order and all orders entered in connection herewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy, in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

20. This Order shall not be construed as an admission or concession by Defendant of the truth of any allegations made by the Plaintiff or of liability or fault of any kind.

21. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class Members, though such extensions shall be posted to the Settlement Website. The Final Approval hearing may, from time to time and without further notice to Settlement Class Members beyond updates to the Court's docket and the Settlement Website, be continued by Order of the Court.

22. If the Court grants Final Approval to the Settlement Agreement, then Settlement Class Members who have not timely requested to be excluded including persons who objected to the Settlement Agreement or submitted a Valid Claim, shall be deemed to have released their claims as set forth therein.

23. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

24. All further proceedings and deadlines in this action are hereby stayed except for those required to effectuate the Settlement Agreement and this Order.

**IT IS SO ORDERED** this 13 th day of June, 2019.

_____
HON. EDWARD J. DAVILA
UNITED STATES DISTRICT COURT JUDGE